RENEE BOUDREAU & another[1] vs. SYLVIO G. LANDRY.

Norfolk. January 5, 1989. — April 6, 1989.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Medical Malpractice*, Statute of limitations. *Limitations, Statute of. Practice, Civil*, Summary judgment. *Parent and Child*, Consortium. *Actionable Tort*.

In a medical malpractice action, the plaintiff's affidavit submitted in opposition to the defendant's motion for summary judgment established the existence of a genuine issue of material fact with respect to whether the minor plaintiff was insane at the time her cause of action accrued so that the statute of limitations G. L. c. 231, § 60D, would be tolled pursuant to the provisions of G. L. c. 260, § 7, as then in effect. [529-531]

Where a plaintiff in a civil action sought damages for the "loss of consortium" of her minor daughter for injuries allegedly negligently inflicted on the daughter, summary judgment was properly entered for the defendant. [531]

CIVIL ACTION commenced in the Superior Court Department on October 23, 1987.

The case was heard by *J. Harold Flannery*, J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*William H. Rowerdink, III*, for the plaintiffs.

*Susan G. Winkler* for the defendant.

NOLAN, J. In this medical malpractice action, the sole issue is the propriety of the allowance of a motion for judgment on the pleadings which the judge treated as a motion for summary judgment for the defendant, based on the applicable statute of limitations. We reverse in part and affirm in part.

The action was commenced on October 23, 1987, by the filing of a complaint containing two counts. In count I, Renee·

[1] Janette Boudreau, parent and next friend of Renee Boudreau.

Boudreau, a minor, alleges negligence against the defendant, Dr. Landry. Count II is labelled "Loss of Consortium" and contains the same allegations of negligence against the defendant, but it is brought by Renee's mother, Janette Boudreau.

At the time of the defendant's care, Renee Boudreau was fifteen years old. Her complaint alleges that she was taken to the emergency room at St. Luke's Hospital on or about June 28, 1983, where the defendant examined her and diagnosed her as suffering from acute appendicitis. He performed an appendectomy on the same day. As of the third postoperative day, she continued to exhibit several symptoms of disorder such as unusually high temperature, elevated white blood cell count, headaches and distended abdomen. On July 6, 1983, the defendant ordered liver and lung scans to be performed on Renee. Both scans showed abnormal results.

A second surgical procedure was performed by the defendant on July 7, consisting, in the main, of a laparotomy to determine the cause of her distress. Believing this second procedure to have been "negligently and carelessly" performed "and in gross violation of good and proper medical care," the other plaintiff, Janette Boudreau, Renee's mother, on July 8, 1983, removed Renee to University Hospital where, on the same day, she underwent a second exploratory procedure, a laparotomy, which revealed a subhepatic abscess with peritonitis and salpingitis. After treatment, she was discharged on July 25, 1983, and returned home for a lengthy convalescence.

1. *Summary judgment as to count I (Renee's count).* The defendant pleaded the statute of limitations in G. L. c. 231, § 60D, as amended through St. 1979, c. 502, which provides in pertinent part: "Notwithstanding the provisions of section seven of chapter two hundred and sixty, any claim by a minor against a health care provider stemming from professional services or health care rendered, . . . shall be commenced within three years from the date the cause of action accrues."

There is another statute of limitations which vies for our attention. It is G. L. c. 260, § 7, which prior to its amendment by St. 1987, c. 522, § 19, provided that "if the person entitled thereto is a minor, or is insane or imprisoned when a right to

bring an action first accrues, the action may be commenced within the time hereinbefore limited after the disability is removed."

In reviewing a judge's action on a motion for summary judgment, we are required to determine whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). As we said recently in *Pederson* v. *Time, Inc., ante* 14, 17 (1989). "The party moving for summary judgment assumes the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue, even if he would have no burden on an issue if the case were to go to trial. *Attorney Gen.* v. *Bailey,* 386 Mass. 367, 371, cert. denied sub nom. *Bailey* v. *Bellotti,* 459 U.S. 970 (1982). If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment. *O'Brion, Russell & Co.* v. *LeMay,* 370 Mass. 243, 245 (1976)." (Footnote omitted.) The defendant satisfied his burden under *Pederson.* Then, the plaintiffs responded to the defendant's motion by filing a memorandum in opposition, containing representations of facts and legal argument and an affidavit of a psychiatrist whose opinion was that Renee was in no condition to know her rights or to conduct normal activities or to manage her own affairs for the period "from Summer, 1983 at least until the end of 1984 and through January, 1985." We treat the cause of action as having arisen during the period covered by the affidavit.

This affidavit creates a question of fact as to whether Renee was "insane" for the purpose of tolling the statute. In *Pederson, supra* at 16, we described insanity for this purpose as any mental condition in which a person is precluded from understanding the nature or effects of his acts and which prevents the person from understanding his legal rights.

In trying to harmonize the provisions of § 7 and § 60D, we are constrained to assume that the Legislature acted reasonably. See *Attorney Gen.* v. *School Comm. of Essex,* 387 Mass. 326,

336 (1982). In § 60D, the Legislature seems to be referring only *to minority* and not to insanity and imprisonment, because it targets expressly only "any claim by a minor against a health care provider . . . ." In this case, there is evidence of an insane minor, and § 7 provides for a tolling of an action by an insane person. No mention is made of insanity in § 60D, and hence, we may conclude that § 60D affects only minors, not insane minors. The meaning of § 60D is that a minor's medical malpractice action must be brought within three years from the accrual date, but such language does not govern a minor who is also insane. Moreover, our law provides that, where more than one disability exists at the time a cause of action accrues, the statute is tolled until the removal of the last disability. See *Eager* v. *Commonwealth*, 4 Mass. 182, 188 (1808). Accordingly, we are left with the tolling provisions of § 7 for insane persons. There is a genuine issue of material fact as to whether Renee was insane on July 8, 1983, the day on which her cause of action might have accrued. Therefore, it was error to allow summary judgment as to count I.

2. *Summary judgment as to count II (Janette's count).* A separate judgment was entered as to count II which alleges a loss of consortium by Janette, Renee's mother. We have held that loss of consortium is a separate claim, independent of the underlying negligence claim for personal injury. *Feltch* v. *General Rental Co.*, 383 Mass. 603, 606-608 (1981). We need not consider whether Janette commenced her action seasonably because, as Renee's parent, she has no action for loss of consortium. *Norman* v. *Massachusetts Bay Transp. Auth.*, 403 Mass. 303, 306-307 (1988). Summary judgment was correctly allowed as to count II.

The judgment on count I is reversed and the judgment on count II is affirmed.

*So ordered.*