RHODA O'BRIEN, guardian,[1] vs. MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY.

Middlesex.    April 5, 1989. — July 20, 1989.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Limitations, Statute of. Massachusetts Bay Transportation Authority*, Statute
of limitations. *Incompetent Person*, Statute of limitations. *Statute*, Con-
struction.

The two-year limitations period provided by G. L. c. 161A, § 21, for bring-
ing personal injury actions against the Massachusetts Bay Transportation
Authority is tolled by the provisions of G. L. c. 260, § 7, if the claimant
is a person disabled by mental illness when the right to bring the action
first accrues [441-443]; furthermore, the circumstance that, at the time
of his injury, the disabled person is under legal guardianship has no
effect on the protections afforded by the disability tolling statute
[443-445].

CIVIL ACTION commenced in the Superior Court Department
on April 8, 1988.

A motion to dismiss was heard by *John P. Forte*, J., sitting
under statutory authority.

The Supreme Judicial Court granted a request for direct
appellate review.

*Michael Q. Geary* for the plaintiff.

*Jonathan P. Feltner* (*Thomas M. Niarchos* with him) for
the defendant.

O'CONNOR, J. The plaintiff's ward is mentally ill and has
been under legal guardianship since 1976. The plaintiff alleges
that on or about January 29, 1986, the ward was injured due
to the negligence of an employee of the defendant (MBTA).
The plaintiff commenced this action on April 8, 1988. The
MBTA moved to dismiss the claim on the ground that it is barred

[1] Of Francis P. O'Brien, Jr.

by G. L. c. 161A, § 21 (1986 ed.), the two-year statute of limitations applicable to tort claims against the MBTA. A judge in the Superior Court allowed the motion, reasoning that G. L. c. 260, § 7, the disability tolling statute, "does not apply because although [the] injured party was mentally ill a guardian had been appointed prior to injury." G. L. c. 260, § 7, as amended through St. 1987, c. 522, § 19, provides that, "[i]f the person entitled thereto is a minor, or is incapacitated by reason of mental illness when a right to bring an action first accrues, the action may be commenced within the time hereinbefore limited after the disability is removed."[2]

The plaintiff appealed from the dismissal of the action and we allowed the MBTA's application for direct appellate review. The plaintiff argues that the judge's conclusion with respect to the application of the disability tolling statute was in error. In the alternative, the plaintiff argues that we should apply equitable principles to toll the statute of limitations due to the fact that the plaintiff's counsel died five months before the statute of limitations would have run if it were not tolled. Because we reverse the judge's order on the first ground, we do not consider the plaintiff's alternative argument.

The parties do not dispute that the statute of limitations applicable to the present claim is G. L. c. 161A, § 21 (MBTA tort statute). That statute provides in part that "[t]he authority shall be liable in tort to passengers, and to persons in the exercise of due care who are not passengers or in the employment of the authority, for personal injury and for death and for damages to property . . . provided that any action for such personal injury or property damage shall be commenced only within two years next after the date of such injury or damage and in case of death only within two years next after the date of the injury which caused the death." The first issue is whether the running of the two-year period may be tolled in a case in which the injured person comes within the reach of the disability tolling

---

[2] This is the version of the disability tolling statute on which both parties rely. A slightly different version was in effect at the time of the injury. See G. L. c. 260, § 7 (1986 ed.). The difference between the two versions is irrelevant to our outcome. We therefore apply the version quoted above.

statute. In *Jomides* v. *Massachusetts Bay Transp. Auth.*, 21 Mass. App. Ct. 592, 597 (1986), a case in which the plaintiff was a minor when injured, the Appeals Court concluded that the disability tolling statute may toll the running of the limitations period set forth in the MBTA tort statute. On further appellate review, we agreed with the Appeals Court's conclusion and reasoning. 398 Mass. 1009 (1986). The MBTA urges us to reexamine *Jomides* and either limit or overrule it.

The MBTA first argues that the use of the word "only" in the MBTA tort statute ("any action . . . shall be commenced only within two years") "indicates an unambiguous legislative determination to confine the time available for plaintiffs to bring suit against the MBTA." Thus, the MBTA reasons, in *Jomides*, the Appeals Court should not have relied on *Hernandez* v. *Boston*, 394 Mass. 45 (1985). In that case, we applied the disability tolling statute to G. L. c. 258, § 4, the Massachusetts Tort Claims Act. However, the Tort Claims Act does not contain the word "only" in its limitations language. Thus, the MBTA argues, the disability tolling statute should not apply to the MBTA tort statute even though it applies to the Tort Claims Act. It is true that the language of the Tort Claims Act is different from that of the MBTA tort statute, but it is no less absolute. While the word "only" does not appear in the Tort Claims Act, that statute states instead that "[n]o civil action shall be brought" after the limitations period has expired. G. L. c. 258, § 4. We are not persuaded that such slight differences in language imply different legislative intentions. See *Jomides*, *supra* at 596.

The MBTA also argues that, because the MBTA tort limitations period is two years and the Tort Claims Act limitations period is three years, the Legislature must have intended "to treat the MBTA more favorably than other potential tort defendants." The MBTA appears to argue that the Legislature intended to favor the MBTA by providing a shortened limitations period for all plaintiffs with claims against the MBTA regardless of any disability. We reason here, with respect to the MBTA tort statute, as we did in *Hernandez* v. *Boston*, 394 Mass. 45, 47-48 (1985), with respect to the Tort Claims Act, that, if the

Legislature had intended the provision to be applied without regard to G. L. c. 260, § 7, it would have said so expressly. Compare G. L. c. 231, § 60D (expressly provides for shortened statute of limitations for minors bringing medical malpractice claims); G. L. c. 260, § 10 (if person entitled to bring action dies, statute of limitations is tolled only until two years after executor or administrator gives bond). Moreover, as the Appeals Court pointed out in *Jomides, supra* at 596-597, "when the MBTA statute was inserted in 1964, the statute of limitations generally applicable to tort claims was also two years. See St. 1973, c. 777, § 1. Thus, we may not attribute to the Legislature an intention to adopt a shortened statute of limitations." See *Hernandez* v. *Boston, supra.*

The MBTA also points to G. L. c. 260, § 19, which provides: "If a special provision is otherwise made relative to the limitation of any action, any provision of this chapter inconsistent therewith shall not apply." In *Jomides, supra* at 594, the court stated that G. L. c. 161A, § 21, "has been declared to be a special statute of limitation to which G. L. c. 260, § 19, refers, and to which, therefore, the other sections of G. L. c. 260, *if inconsistent* with G. L. c. 161A, § 21, do not apply" (emphasis in original). It is clear that the inconsistency contemplated by the Legislature occurs where the length of the limitations period set forth in the special statute is different from the length of a limitations period set forth in G. L. c. 260. *Id.* However, in *Jomides,* the Appeals Court implicitly held, and we agree, that, where the Legislature did not intend to adopt a shortened statute of limitations for the special statute, and the special statute is silent as to a tolling period, the disability tolling statute is not "inconsistent" with the terms of the special statute. *Id.*

The MBTA next argues that the MBTA tort statute is distinguishable from the Tort Claims Act in that only the latter contains a presentment requirement. In *Jomides,* the Appeals Court recognized that, "[u]nlike public entities covered by G. L. c. 258, the MBTA has no way of protecting itself should a claim be filed for the first time many years after an accident involving a minor." *Id.* at 597. Nonetheless, the Appeals Court

concluded, based on its reading of *Hernandez*, that the question whether to apply the disability tolling statute to the MBTA statute should not turn on the presence or absence of a presentment requirement. *Id.* at 597. We agree.

The MBTA also contends that, because the MBTA statute specifies that a cause of action will accrue or begin to run from the date of a complainant's injury or damage, the Legislature intended to leave no room for "judicial tampering" in determining the date of accrual of a cause of action. However, the disability tolling statute "does not disturb the legislatively determined date of accrual, the date of [injury or damage]. General Laws c. 260, § 7, merely provides that the running of the limitations period will be suspended '[i]f the person . . . is [incapacitated by reason of mental illness] . . . *when a right to bring an action first accrues*'" (emphasis in original). *Pobieglo* v. *Monsanto Co.*, 402 Mass. 112, 117 (1988).

The MBTA also asks us to limit the *Jomides* decision as applicable only to the "minority" provision of the disability tolling statute. However, the statute makes no distinction between minority and mental incapacity. The rationale of *Jomides* is equally appropriate whether a disability is minority or mental illness.

Having concluded that the disability tolling statute would ordinarily apply to an action to recover damages for personal injuries from the MBTA by a person disabled by mental illness, we turn to another question: whether it makes any difference that, at the time of his injury, that person was under legal guardianship. We conclude that the appointment of a guardian has no effect on the protections afforded by the disability tolling statute. Our conclusion is based primarily on the fact that the statute does not mention the effect of a guardian's appointment. We agree with the observation of the Supreme Court of the State of Washington with reference to an analogous statute that the absence of specific language regarding the effect of guardianship on the statute "means that the statute was intended to operate regardless of the guardian's presence." *Young* v. *Key Pharmaceuticals, Inc.*, 112 Wash. 2d 216, 221 (1989). As we have stated, "a basic tenet of statutory construction is to

give the words their plain meaning in light of the aim of the Legislature, and when the statute appears not to provide for an eventuality, there is no justification for judicial legislation." *Commonwealth* v. *Vickey*, 381 Mass. 762, 767 (1980). See *Rambert* v. *Commonwealth*, 389 Mass. 771, 773 (1983).

The MBTA argues that the guardianship law of this Commonwealth imposes a duty on a legally appointed guardian to "appear for and represent his ward in all actions, suits and proceedings," see G. L. c. 201, § 37; *Stoliker* v. *Boston*, 204 Mass. 522, 540 (1910), and that, "[o]nce the ward has a guardian, he is no longer disabled to start a lawsuit." The MBTA reasons that the appointment of a guardian, in the language of the disability tolling statute, "remove[s]" the ward's "disability." We disagree, as do most jurisdictions in the United States. See, e.g., *Sahf* v. *Lake Havasu City Ass'n for the Retarded & Handicapped*, 150 Ariz. 50, 54-55 (Ariz. Ct. App. 1986); *Shippey* v. *County of Siskiyou*, 205 Cal. App. 3d 801, 814-815 n.5 (1988); *Paavola* v. *St. Joseph Hosp. Corp.*, 119 Mich. App. 10, 14 (1982); *Young* v. *Key Pharmaceuticals, Inc.*, *supra* at 222-223. See also Annot., Appointment of Guardian for Incompetent or for Infant as Affecting Running of Statute of Limitations Against the Ward, 86 A.L.R.2d 965 (1962).

The disability tolling statute simply states that, if a person entitled to bring a cause of action is "a minor, or is incapacitated by reason of mental illness," the action may be commenced within a specified time period "after the disability is removed." G. L. c. 260, § 7. From this language, it is plain that the disabilities to which the Legislature is referring are the disabilities of minority or mental incapacity themselves, not the disability to bring suit. It seems "that the Legislature had in mind, not merely the inability to sue, but also the difficulties of the incompetent in giving information and in testifying." *Wolf* v. *United States*, 10 F. Supp. 899, 900 (S.D.N.Y. 1935). See *Sahf*, *supra*; *Paalova*, *supra* at 14. Thus, we conclude that the disabilities referred to in the statute, minority and mental incapacity, must actually be "removed" before a plaintiff loses the protection of the statute. *Lombard* v. *Eunice Kennedy Shriver Center for Mental Retardation, Inc.*, 556

F. Supp. 677, 681 (D. Mass. 1983). *Young* v. *Key Pharmaceuticals, Inc.*, *supra* at 221. *Klosky* v. *Dick*, 359 Mich. 615, 618-619 (1960). See *Boudreau* v. *Landry*, 404 Mass. 528, 531 (1989).

Finally, the MBTA argues that to apply the disability tolling statute where a mentally incompetent person has the protection of a guardian would create an "unlimited" statute of limitations which could last until the death of that person. Thus, the MBTA reasons, the purpose of the guardianship statute is undercut because a guardian is absolved of responsibility for improperly handling a ward's affairs. In addition, the MBTA contends that equating minority and mental incapacity undercuts the purpose of the statute of limitations, because, while minority comes to an end on a specific date, mental incapacity may be permanent. In the absence of specific statutory language indicating a legislative intent to avoid these results, however, we think the MBTA's argument would more appropriately be addressed to the Legislature than to the court. Accordingly, we conclude that the plaintiff's claim was timely filed.

*Judgment reversed.*