CARMEN J. CIAMPA & another[1] *vs.* BEVERLY AIRPORT COMMISSION & another.[2] No. 94-P-1455. June 7, 1995. *Limitations, Statute of. Massachusetts Tort Claims Act.*

The plaintiffs brought this action under G. L. c. 258 for damage to their aircraft, and loss of use thereof, allegedly caused by the negligence of employees of the Beverly Airport Commission. On the last day of the three-year statute of limitations, G. L. c. 258, § 4, the plaintiffs filed their action in the Salem District Court. Two months later, a judge of that court dismissed the action for want of jurisdiction, which lay only in the Superior Court. See G. L. c. 258, § 3. The plaintiffs then commenced a new action in the Superior Court, five months after the expiration of the limitations period, invoking as authority G. L. c. 260, § 32, as appearing in St. 1973, c. 114, § 340. Chapter 260, by various provisions, sets the limitations periods for different types of claims, and § 32 provides that "[i]f an action duly commenced within the time limited in this chapter is dismissed . . . for any matter of form, . . . the plaintiff . . . may commence a new action for the same cause within one year after the dismissal." The plaintiffs appeal from an order dismissing the Superior Court action as untimely.

The defendants correctly concede that dismissal for bringing an action in the wrong court is "a matter of form" within the meaning of § 32. See

[1]Maureen A. Ciampa, co-owner of the damaged plane.
[2]City of Beverly.

*Loomer* v. *Dionne*, 338 Mass. 348, 351-352 (1959). This does not help the plaintiffs, however, because the tolling provisions of G. L. c. 260 have no application to actions, such as this, not having a common law basis but authorized instead by G. L. c. 258, which contains its own limitations period. *Weaver* v. *Commonwealth*, 387 Mass. 43, 50 (1982). Compare *General Elec. Co.* v. *Lexington Contr. Corp.*, 363 Mass. 122, 124 (1973) (§ 32 has no application where the limitations period is imposed by contract rather than by a provision of c. 60).

*Judgment affirmed.*

*Sumner H. Smith* for the plaintiffs.
*Robert A. Munroe* for the defendants.