JOHN E. CARROLL, THIRD, vs. CITY OF WORCESTER & others.[1]

No. 95-P-1760.

Worcester. December 5, 1996. - May 16, 1997.

Present: PERRETTA, KASS, & JACOBS, JJ.

*Massachusetts Tort Claims Act. Limitations, Statute of.*

General Laws c. 260, § 32, was applicable to toll for one year the three-year statute of limitations, G. L. c. 258, § 4, that governs a c. 258 action timely brought but incorrectly filed in the District Court and as a consequence dismissed, where the dismissal was a "matter of form," and where nothing in the language of G. L. c. 260, § 32, or c. 258, § 4, precluded the application of the tolling provision in such circumstances. [629-630]

CIVIL ACTION commenced in the Superior Court Department on December 28, 1992.

The case was heard by *Mary-Lou Rup*, J., on a motion for summary judgment.

*William F. Coyne, Jr.*, for the plaintiff.

*Elizabeth Sanning* for the defendants.

PERRETTA, J. On July 24, 1989, the plaintiff was injured in an automobile accident he claims was caused by the negligence of an employee of the defendant city. The presentment letter required by G. L. c. 258, § 4, was timely sent on December 10, 1990, and a complaint was filed in the Central District Court of Worcester. The complaint was dismissed on October 13, 1992, because, as provided in G. L. c. 258, § 3, the Superior Court has exclusive jurisdiction of tort actions brought against a public employer. Less than three months after that dismissal but now more than three years after the cause of action had accrued, the plaintiff brought his action in the Superior Court. The defendants successfully moved for summary judgment on the basis that the complaint was

---

[1]Worcester Health and Hospitals Authority and Brian Major.

outside the applicable statute of limitations, G. L. c. 258, § 4, and the plaintiff appeals. His sole claim is that the limitations period set out in c. 258 was tolled by G. L. c. 260, § 32, which the defendants contend is inapplicable to c. 258. We reverse the judgment.

As provided in G. L. c. 258, § 4, as inserted by St. 1978, c. 512, § 15, "[n]o civil action shall be brought more than three years after the date upon which such cause of action accrued." The general tolling statute, G. L. c. 260, § 32, as amended by St. 1973, c. 1114, § 340, provides, in pertinent part: "If an action duly commenced within the time limited in this chapter is dismissed . . . for any matter of form . . . the plaintiff or any person claiming under him may commence a new action for the same cause within one year after the dismissal or other determination of the original action . . . ." The dismissal in the instant case was for a "matter of form," see *Loomer* v. *Dionne,* 338 Mass. 348, 351-352 (1959), and the defendants commendably make no argument to the contrary. Instead, they argue that, by its own terms, § 32 applies only to actions commenced under c. 260, and, because this action was brought under c. 258, the tolling provision is inapplicable.

There is nothing in the language of § 32 that restricts its application to c. 260. Rather, § 32 speaks to "an action duly commenced within the *time* limited in this chapter" (emphasis supplied), which, as set out in § 2A of c. 260, is three years.

Nor is there anything in c. 258, § 4, that precludes the application of c. 260, § 32, to the present action. In *Hernandez* v. *Boston,* 394 Mass. 45 (1985), the court held that the general tolling provision for minors and incapacitated persons set out in c. 260, § 7, was applicable to tort claims made under c. 258. The court reasoned that had the Legislature intended the limitation period set out in c. 258 to be applied without regard to c. 260, § 7, it would have expressly said so, as it did with medical malpractice actions. See G. L. c. 231, § 60D. We think this reasoning in respect to § 7 is equally applicable to § 32. See *O'Brien* v. *Massachusetts Bay Transp. Authy.,* 405 Mass. 439, 441-442 (1989); *Jomides* v. *Massachusetts Bay Transp. Authy.,* 21 Mass. App. Ct. 592 (1986).[2]

Further, there is nothing in G. L. c. 260, § 19, that sup-

---

[2]In granting the defendants' motion for summary judgment, the Superior Court judge relied upon *Ciampa* v. *Beverly Airport Commn.,* 38 Mass. App. Ct. 974, 975 (1995), where we stated, relying on *Weaver* v. *Commonwealth,*

ports the defendants' claim that the action is time-barred. That provision states: "If a special provision is otherwise made relative to the limitation of any action, any provision of this chapter inconsistent therewith shall not apply." As stated in *O'Brien* v. *Massachusetts Bay Transp. Authy.*, 405 Mass. at 442, "[i]t is clear that the inconsistency contemplated by the Legislature occurs where the length of the limitations period set forth in the special statute is different from the length of a limitations period set forth in G. L. c. 260." The limitations period provided by both c. 258, § 4, and c. 260, § 2A, is three years.

We conclude that, where the Legislature has not expressly provided that the limitations period in c. 258, § 4, was to be applied without regard to the tolling provision set out in c. 260, § 32, and where the complaint was filed within one year of the District Court dismissal, it was error to grant the defendants' motion for summary judgment. The judgment is reversed, and the matter remanded to the Superior Court for further proceedings.

*So ordered.*

---

387 Mass. 43, 50 (1982), that the "tolling provisions of G. L. c. 260 have no application to actions, such as this, not having a common law basis but authorized instead by G. L. c. 258, which contains its own limitations period." On reconsideration of that issue, it appears that our earlier decision did not take account of the *Hernandez* and *O'Brien* opinions, which effectively narrow the broader dictum of *Weaver*. For that reason we do not follow our *Ciampa* decision in this appeal.