ROBERT MALTZ[1] & another[2] *vs.* SMITH BARNEY, INC.,[3] & another.[4]

Suffolk. April 9, 1998. - June 2, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Arbitration,* Vacating award. *Limitations, Statute of. Words,* "Duly commenced."

A Superior Court judge correctly dismissed an application to modify or to vacate an arbitration award, brought in the Superior Court after its dismissal in a Federal District Court, where the application was not filed in the Superior Court within thirty days of the delivery of the arbitration award, as required by G. L. c. 251, §§ 12 and 13, and where G. L. c. 260, § 32, was inapplicable to toll that time requirement, inasmuch as the application was not "duly commenced" in Federal court within thirty days of the delivery of the arbitration award; moreover, G. L. c. 260, § 32, is not applicable to applications involving arbitration. [561-563]

CIVIL ACTION commenced in the Superior Court Department on June 14, 1996.

The case was heard by *Nonnie S. Burnes,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Stephen F. Gordon (Christopher J. Battaglia* with him) for the plaintiffs.

*David C. Boch* for the defendants.

LYNCH, J. The plaintiffs appeal from a judgment entered in the Superior Court, dismissing their application to modify or to vacate an arbitration award brought pursuant to G. L. c. 251, §§ 12 and 13 (Uniform Arbitration Act for Commercial Disputes). We transferred the matter here on our own motion and affirm.

---

[1]Individually and as trustee of Abel Industries Profit Sharing and Pension Fund.

[2]Judith Maltz.

[3]Formerly known as, and successor to, Shearson Lehman Brothers, Inc.

[4]Stephen Karelitz.

The plaintiffs brought an arbitration proceeding against the defendants before the National Association of Securities Dealers. On July 25, 1994, the arbitrators awarded the plaintiffs $11,798 in damages, which they revised the next day to $29,581.50.[5] The plaintiffs requested further modification of the award by letter to the arbitration panel, claiming that the damage award contained additional miscalculations. On October 13, 1994, the arbitration panel issued a decision affirming the July 26, 1994, damage award.

On October 24, 1994, the plaintiffs filed, in the Federal District Court, an action pursuant to the Federal Arbitration Act, 9 U.S.C. § 12 (1994), seeking modification of the July 26, 1994, arbitration award. This action was dismissed on May 31, 1996, for failure to include a necessary and indispensable party pursuant to Fed. R. Civ. P. 19 (b).

On June 14, 1996, the plaintiffs filed their application in the Superior Court, which is the subject of this appeal.[6] This application was dismissed as being time-barred because it had not been filed within thirty days of the delivery of the arbitration award, as required by G. L. c. 251, §§ 12 and 13.

The plaintiffs argue that their application was timely because G. L. c. 260, § 32,[7] permitted its filing in the Superior Court, within one year from the Federal dismissal, where that dismissal was for a matter of form.

This statute is unavailing to the plaintiffs both because it does not apply to applications involving arbitration under G. L. c. 251, §§ 12 and 13, and because the application was not "duly commenced" as required by G. L. c. 260, § 32.

An action has been "duly commenced" if it has been commenced within the time allowed by the applicable statute of limitations. *Woods* v. *Houghton*, 1 Gray 580, 582-583 (1854). General Laws c. 251, §§ 12 and 13, require that applications to

---

[5]The revision was based on a mathematical miscalculation.

[6]General Laws c. 251, § 12, permits a party to request that a court vacate an arbitration award; G. L. c. 251, § 13, permits a party to apply for a modification of an award. Both provisions require that a party's application be "made within *thirty days* after delivery of a copy of the award to the applicant" (emphasis added). G. L. c. 251, §§ 12 & 13.

[7]General Laws c. 260, § 32, provides in pertinent part:

"If an action duly commenced within the time limited in this chapter is dismissed for . . . any matter of form . . . the plaintiff . . . may commence a new action for the same cause within one year after the dismissal . . . ."

vacate or to modify an arbitrator's award be filed within thirty days from the delivery of the arbitrator's award to the applicant. The plaintiffs received the award by facsimile transmission on July 26, 1994, or shortly thereafter, and filed the Federal petition to modify or to vacate the award on October 24, 1994, eighty-nine days later. Although this application was timely under the Federal requirements, it would not have been timely if filed in the Commonwealth.[8] Although we have no trouble deciding that the savings provision under G. L. c. 260, § 32, would apply to an action duly commenced in another jurisdiction, see *Liberace* v. *Conway*, 31 Mass. App. Ct. 40, 42 (1991), we conclude that, to obtain the benefit of revival in such a case, the foreign action must be commenced within the time limits of G. L. c. 251. See *Stare* v. *Pearcy*, 617 F.2d 43, 45 (4th Cir. 1980). To conclude otherwise would permit the plaintiffs to "forum shop" for jurisdictions with longer periods of limitations after the action had become time barred here.

Even if the foreign petition were duly commenced, the provisions of G. L. c. 260, § 32, would not apply. That section applies to "action[s] duly commenced within the time limited in this *chapter*" (emphasis supplied). The time limits contained in c. 260 specifically apply to common law actions of contract or tort. Appellate decisions in this Commonwealth have not been entirely consistent in interpreting this language where the limitation is imposed in another statute. See *O'Brien* v. *Massachusetts Bay Transp. Auth.*, 405 Mass. 439, 441-443 (1989) (tolling provisions of G. L. c. 260, § 7, apply to actions brought under G. L. c. 161A, § 21); *Weaver* v. *Commonwealth*, 387 Mass. 43, 50 (1982) (tolling provisions of G. L. c. 260 have no application to actions not having a common law basis); *Carroll* v. *Worcester*, 42 Mass. App. Ct. 628, 629 (1997) (tolling provisions of G. L.

---

[8]The plaintiffs asserted during oral argument that the event that commences the running of the statute of limitations was the denial of their request for further modification on October 13, 1994. Such an interpretation ignores the specific language of the statute, which keys the period of limitation to the delivery of the arbitration award, not the final decision or petition for rehearing, as is the case in G. L. c. 30A, § 14. Furthermore, in an analogous situation, we have determined that a plaintiff's request for relief pursuant to G. L. c. 211, § 3, and Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), would not toll the thirty-day statutory period for appellate review of an administrative decision under G. L. c. 30A, § 14. *Friedman* v. *Board of Registration in Med.*, 414 Mass. 663, 664-665 n.1 (1993). Where the statute is clear, we shall not create distinctions by judicial decision. *Seich* v. *Canton*, 426 Mass. 84, 86 n.5 (1997). Cf. G. L. c. 30A, § 14 (1).

c. 260, § 32, apply to actions commenced under G. L. c. 258); *Ciampa* v. *Beverly Airport Comm'n*, 38 Mass. App. Ct. 974 (1995) (tolling provisions of G. L. c. 260, § 32, have no application to actions not having a common law basis). Section 19 of G. L. c. 260 provides: "If a special provision is otherwise made relative to the limitation of any action, any provision of this chapter inconsistent therewith shall not apply." We have opined that "the inconsistency contemplated by the Legislature occurs where the length of the limitations period set forth in the special statute is different from the length of a limitations period set forth in G. L. c. 260." *O'Brien* v. *Massachusetts Bay Transp. Auth., supra* at 442. In such circumstances the special statute applies. See *id.*; *Carroll* v. *Worcester, supra* at 630. Furthermore there is nothing in our appellate decisions to suggest that arbitration matters fall within the revival language of c. 260, and we decline to reach that conclusion here. Our arbitration statute was enacted for the speedy resolution of disputes by a method which is not subject to delay in the courts. *Plymouth-Carver Regional Sch. Dist.* v. *J. Farmer & Co.*, 407 Mass. 1006, 1007 (1990). See *O'Brien* v. *Hanover Ins. Co., ante* 194, 200 (1998), quoting *Home Gas Corp. of Mass., Inc.* v. *Walter's of Hadley, Inc.*, 403 Mass. 772, 774 (1989). Cf. *Shafnacker* v. *Raymond James & Assocs., Inc.*, 425 Mass. 724, 729-730 (1997). Our decision here is consistent with the policy to accord arbitration finality in a timely fashion. *Chauffeurs, Teamsters, Warehousemen & Helpers Local 135* v. *Jefferson Trucking Co.*, 628 F.2d 1023, 1027 (7th Cir. 1980), cert. denied, 449 U.S. 1125 (1981).

*Judgment affirmed.*