McCann, J.

INTRODUCTION

Johanna D. Drooz-Yoffie (Yoffie), guardian ad litem for Monica M. Baker (Monica), a minor, is represented by Gary S. Brackett, Esq., Brackett & Lucas, 19 Cedar Street, Worcester, Massachusetts 01609. The defendant, James L. Baker, Executor of the Estate of Ronald J. Baker, Sr., is represented by Scott A. Ambler, Esq., Ambler & Ambler, P.C., Six Mendon Street, Belling-ham, Massachusetts 02019. Baker’s complaint is in one count alleging multiple incidents of sexual assault and battery. The defendant filed an answer of general denial and raised three affirmative defenses. Defendant also filed a Motion to Dismiss under Mass.R.Civ.P. 12(b)(6). This Court originally allowed the motion on December 27, 2001 as no opposition was filed. Plaintiff filed a Motion for Reconsideration which was allowed and the Motion to Dismiss was then set down for hearing as a contested motion.
The defendant’s Motion is a Motion to Dismiss on the pleadings. At the hearing, matters were presented which were outside of the pleadings. Those matters were not objected to. They were not excluded by the Court and were agreed to by the parties. Therefore, under Rule 12(c), the Court construes the defendant’s Motion to Dismiss as a Motion for Summary Judgment and disposes of this motion as provided in Rule 56.

BACKGROUND

The facts in the pleadings are not in dispute. Monica was the minor stepdaughter or adoptive daughter of Ronald J. Baker, Sr. (Baker).
Baker died on October 25, 2000. A petition for the probate of his will without sureties was filed in the Worcester Probate and Family Court Docket No. 00P-3205-ET(estate). James L. Baker was appointed executor of the estate of Ronald J. Baker, Sr. The plaintiffs complaint was filed in this court on October 26, 2001. The estate filed this Motion to Dismiss on the grounds of G.L.c. 197, §9(a) which provides that suit by a creditor shall be commenced within one year of the date of death of the decedent. In the present action, suit was commenced one year and one day after the date of death of Baker.
*473 Plaintiff argues that the defendant’s motion should be denied for failure to comply with Rule 9A(a)( 1).[1] The Court rules that defendant has complied with Rule 9A.
The cases cited by the defendant in support of his assertion that the claim is barred by the one-year statute of limitations set forth in G.L.c. 197, §9(a)[2] are misdirected. This Court rules that the minority tolling provision of G.L.c. 260, §7[3] applies to this action and therefore the statute of limitations contained in G.L.c. 197, §9(a) does not bar commencement of this action until the minor plaintiff reaches the age of majority. The Supreme Judicial Court has held that the minority tolling statute should be applied where a statute creating the right does not provide for a shortened statute of limitations for minors. G.L.c. 197, §9 does not make such a provision. If the Legislature had intended G.L.c. 260, §7 not to apply in other situations where the Legislature sets up a special statute of limitations, it would have said so expressly. Hernandez v. City of Boston, 394 Mass. 45 (1985); O’Brien v. Mass. Bay Transportation Authority, 405 Mass. 439 (1989); Howe v. Johnston, 39 Mass.App.Ct. 651 (1996). The minority tolling statute applies even though a guardian represents the disabled party. O'Brien v. Mass. Bay Transportation Authority, supra.

ORDER

The Motion to Dismiss, construed as a Motion for Summary Judgment, is DENIED.

 Superior Court Rule 9A
(a) Submission of Motions and Oppositions Thereto.
(1) Submission of Motion. The moving party shall serve with the motion a statement of reasons, including supporting authorities, why the motion should be granted. A statement of reasons may be included in the motion itself or may be contained in a separate document. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be served with the motion.

 M.G.L.A. 197 89 Commencement of action; service of process; action against trustee; recovery of medical assistance payments
(a) Except as provided in this chapter, an executor or administrator shall not be held to answer to an action by a creditor of the deceased unless such action is commenced within one year after the date of death of the deceased and unless, before the expiration of such period, the process in such action has been served by delivery in hand upon such executor or administrator or service thereof accepted by him or a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed in the proper registry of probate.

 M.G.L.A. 260 87 Minors and incapacitated persons
If the person entitled thereto is a minor, or is incapacitated by reason of mental illness when a right to bring an action first accrues, the action may be commenced within the time hereinbefore limited after the disability is removed.