Agnes, Peter W., J.
1. The plaintiff brings this civil action against the Commonwealth of Massachusetts for injuries she sustained on June 26, 2002 as a result of a slip and fall on a sidewalk while she was visiting the University of Massachusetts Medical School in Worcester. The action was filed originally in the Westboro District Court a few days before the expiration of the three-year statute of limitations set forth in G.L.c. 258, §4. The case was dismissed on the Commonwealth’s motion because the district court lacks jurisdiction over actions brought under G.L.c. 258. See G.L.c. 258, §3 (exclusive jurisdiction conferred on the Superior Court). The district court also declined to order the case transferred to the Superior Court. See G.L.c. 223, §15 (authorizing the removal of cases from the supreme judicial court or the superior court to correct an error in the proper venue).
2. The plaintiff subsequently brought this action in the Superior Court. The parties agree that the plaintiffs case is filed outside the three-year statute of limitations provided by G.L.c. 28, §4. The Commonwealth of Massachusetts has filed a motion to dismiss under Mass.R.Civ.P. 12(b)(1) and (6). The plaintiff, however, maintains that her action is not time barred because it is saved by the tolling provision set forth in G.L.c. 260, §32. That statute provides in part that if an action is commenced within the statute of limitations and dismissed for “any matter of form,” it may be commenced within one year of that dismissal. Here, the dismissal of the original action was for a matter of form. See Loomer v. Dionne, 338 Mass. 348, 351-52 (1959). The Commonwealth points to G.L.c. 260, §19 (G.L.c. 260 is not applicable to cases where a “special provision” that is inconsistent with §32 applies to the determination of a statute of limitations), and maintains that §32 is not applicable to actions brought under G.L.c. 258 because such cases do not arise under G.L.c. 260 because they do not have a common-law basis. This was the holding in Carroll v. Worcester, 42 Mass.App.Ct. 628, 629 n.2 (1997). However, one year later, the Supreme Judicial Court effectively overruled Carroll and held that G.L.c. 260, §19 means that only when a cause of action has a statute of limitations period that is different from the one provided in G.L.c. 260 would it be appropriate to disregard the tolling provisions of G.L.c. 260, §32. Maltz v. Smith Barney, Inc., 427 Mass. 560, 562-63 (1998).[1] This view is consistent with an earlier decision by the Supreme Judicial Court involving a legal question very much like the one in this case. See Weaver v. Commonwealth, 387 Mass. 43, 50 (1982). See also Gallagher v. Bougioukas, Middlesex Superior Court No. 033575 (2005) (Fisherman, J.) (19 Mass. L. Rptr. 475). For this reason, the Commonwealth’s motion must be DENIED.

ORDER

For the above reasons, the Commonwealth’s motion to dismiss is DENIED.

 I had occasion to consider this veiy question in Providence Washington Insurance Co v. City of Gardner, 2004 Mass.Super. LEXIS 637, Worcester Superior Court Docket No. 2004-0610 (2004), and reached the opposite and wrong conclusion. The Providence Washington case, therefore, is disregarded.