Lauriat, Peter M., J.
Plaintiffs Angela Chaney and Shaquana Malcom (“Plaintiffs”) brought this action to recover for personal injuries allegedly caused by employees of the defendant, the City of Boston (“the City”). The City has now moved to dismiss the Plaintiffs’ Complaint, on the ground that their action is barred by the three-year statute of limitations that applies to negligence claims brought against public employers. See G.L.c. 258, §4.
Plaintiffs contend that the tolling statute, G.L.c. 260, §32, precludes dismissal of their claims. For the following reasons, the Court concludes that the statute of limitations on the Plaintiffs’ action is tolled by G.L.c. 260, §32, and therefore the Defendant’s Motion to Dismiss Plaintiffs’ Complaint must be denied.
Plaintiffs’ action is governed by a three-year statute of limitations. See G.L.c. 258, §4. The parties agree that Plaintiffs’ cause of action arose on February 18, 2004, the day that the City’s employees allegedly caused the Plaintiffs’ injuries. On February 16, 2007, Plaintiffs erroneously filed their complaint in the Dor-chester Division of the Boston Municipal Court, which lacks jurisdiction to hear cases under G.L.c. 258, §3. The Dorchester Court dismissed the case on June 19, 2007.[1]
The general tolling statute, G.L.c. 260, §32, provides:
If an action duly commenced within the time limited in this chapter is dismissed ... for any matter of form . . . the plaintiff or any person claiming under him may commence a new action for the same cause within one year after the dismissal or other determination of the original action . . .
Dismissal based on the Boston Municipal Court’s lack of jurisdiction under G.L.c. 258, §3, is treated as a dismissal for a “matter of form” for purposes of applying the tolling statute. Carroll v. Worcester, 42 Mass.App.Ct. 628, 629 (1997). Accordingly, the tolling statute applies here because Plaintiffs filed in the Boston Municipal Court within the three-year statute of limitations period. Since the Plaintiffs’ action was filed in this Court within a year of filing in the Boston Municipal Court, the statute of limitations was successfully tolled and the City cannot prevail in its statute of limitations argument.
ORDER
For the foregoing reasons, Defendant’s Motion to Dismiss Plaintiffs’ Complaint is DENIED.

 Although the Dorchester Court dismissed the case based on a failure to serve process, the Court will treat the Dorches-ter Court case as being dismissed for lack of jurisdiction because it never had subject-matter jurisdiction over the case.