NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-474                                         Appeals Court

RICHARD ABRAHAMSON vs. ESTATE OF JOHN LeBOLD.

No. 15-P-474.

Barnstable.     January 14, 2016. - March 17, 2016.

Present: Hanlon, Sullivan, & Maldonado, JJ.

Limitations, Statute of. Executor and Administrator, Short
      statute of limitations. Practice, Civil, Statute of
      limitations. Jurisdiction, Equitable.

Civil action commenced in the Superior Court Department on
July 3, 2014.

A motion to dismiss was heard by Cornelius J. Moriarty, II,
J.

Alexander J. Durst, of Ohio (David V. Lawler with him) for
the plaintiff.
Eric P. Finamore for the defendant.

SULLIVAN, J. The plaintiff, Richard Abrahamson, appeals

from a judgment dismissing his complaint because it was not

filed within one year of the date of death of the decedent, John

LeBold, as required by § 3-803(a) of the Massachusetts Uniform

Probate Code (MUPC). See G. L. c. 190B, § 3-803(a). Abrahamson

contends that his suit was timely filed pursuant to the savings statute, see G. L. c. 260 § 32, and, alternatively, he should have been granted equitable relief from the one-year limitations period in the MUPC.  We conclude that G. L. c. 190B, § 3-803(a), governs, and G. L. c. 190B, § 3-803(e), bars the award of equitable relief in the trial court.

1.  Procedural history.  The following procedural history is undisputed on appeal.  Abrahamson first filed suit against John LeBold in the Court of Common Pleas in Hamilton County, Ohio, in September of 2012.  A little over two months later, on December 5, 2012, LeBold died.  The Ohio trial court dismissed the suit for lack of personal jurisdiction on January 22, 2013, and Abrahamson appealed.  While the appeal was pending, on February 13, 2013, LeBold's counsel filed a "Suggestion of Death" with the trial court.  Abrahamson then successfully substituted LeBold's estate as the defendant in the Ohio appeal.  On December 6, 2013, a year and a day after LeBold's death, the Ohio Court of Appeals affirmed the dismissal on the ground of lack of personal jurisdiction.  Abrahamson did not file suit in Massachusetts until July 3, 2014, over a year and a half after LeBold's death.  The estate filed a motion to dismiss the Massachusetts action, which was allowed.  In a comprehensive and well-reasoned memorandum, the motion judge ruled that Abrahamson's claims were barred as a matter of law because

LeBold had died more than a year before the plaintiff filed suit in Massachusetts, thereby exceeding the one-year period of limitations for actions against the personal representative of the decedent set forth in G. L. c. 190B, § 3-803(a).[1]  The judge concluded that, although G. L. c. 260, § 32, would otherwise "save" Abrahamson's action,[2] the savings provision is inapplicable to a special statute which contains an inconsistent statute of limitations.  See G. L. c. 260, § 19 ("If a special provision is otherwise made relative to the limitation of any action, any provision of this chapter inconsistent therewith shall not apply").  Relying on O'Brien v. Massachusetts Bay

---

[1] General Laws c. 190B, § 3-803(a), inserted by St. 2008, c. 521, § 9, provides:

"Except as provided in this chapter, a personal representative shall not be held to answer to an action by a creditor of the deceased unless such action is commenced within 1 year after the date of death of the deceased and unless, before the expiration of such period, the process in such action has been served by delivery in hand upon such personal representative or service thereof accepted by him or a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed with the register" (emphasis added).

[2] Under G. L. c. 260, § 32, as appearing in St. 1973, c. 1114, § 340, a dismissal "for any matter of form" permits a party to "commence a new action for the same cause within one year after the dismissal . . . ."  A dismissal for want of jurisdiction is a "matter of form."  See Cannonball Fund, Ltd. v. Dutchess Capital Mgmt., LLC, 84 Mass. App. Ct. 75, 89 (2013). The suit in Massachusetts was filed within a year of the final Ohio appellate decision in this matter.

Transp. Authy., 405 Mass. 439, 442 (1989) (O'Brien), the motion judge concluded that the one-year limitations period in G. L. c. 190B, § 3-803(a), was a special statute, and that it was inconsistent with the three- six- and four-year limitations periods under G. L. c. 260 applicable to the tort, contract, and consumer protection claims at issue. The judge further concluded that dismissal was "consistent with the purpose" of G. L. c. 190B, § 3-803(a), which, he found, "is to expedite the settlement of estates." We agree.

2. <u>Statutory construction</u>. Abrahamson contends that G. L. c. 260, § 32 (the savings statute), renders this suit timely -- a suit which, due to LeBold's death on December 5, 2012, would otherwise be time barred under the one-year limitations period in G. L. c. 190B, § 3-803(a).

Although heard as a motion to dismiss, see Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), the motion was converted to a motion for summary judgment by submission and consideration of matters outside the pleadings.[3] We review a motion for summary judgment de novo and determine "whether, viewing the evidence in

---

[3] See Mass.R.Civ.P. 12(b) ("If, on any motion asserting the defense numbered [6], to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56"); <u>Rawan</u> v. <u>Massad</u>, 80 Mass. App. Ct. 826, 827 n.5 (2011).

the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law."  Caron v. Horace Mann Ins. Co., 466 Mass. 218, 221 (2013) (citation omitted).

Whether this case is governed by the statute of limitations requiring that suits against an estate be commenced within one year of death, see G. L. c. 190B, § 3-803(a), versus the one-year grace period from the date of judgment (in some specified cases) found in the savings statute, G. L. c. 260, § 32, turns on whether the statute of limitations under G. L. c. 260 and G. L. c. 190B are inconsistent.  See G. L. c. 260, § 19.  A so-called "special" statute, such as the shortened one-year statute of limitations for claims against an estate, is "inconsistent" within the meaning of G. L. c. 260, § 19, when the special statute of limitations is shorter than the statute of limitations found in G. L. c. 260.  "[T]he inconsistency contemplated by the Legislature occurs where the length of the limitations period set forth in the special statute is different from the length of a limitations period set forth in G. L. c. 260."  Maltz v. Smith Barney, Inc., 427 Mass. 560, 563 (1998), quoting from O'Brien, 405 Mass. at 442.  Section 3-803(a) imposes a shorter statute of limitations than the three- six- and four-year limitations periods applicable to the tort, contract, and G. L. c. 93A claims for which the plaintiff

brought suit.  See G. L. c. 260, §§ 2, 2A, & 5A, respectively.[4]
As a result, the one-year limitations period in G. L. c. 190B,
§ 3-803(a), governs.  See Maltz v. Smith Barney, Inc., supra at
563.

This conclusion is underscored by an examination of the
divergent purposes of the two statutes, and the legislative
history of the pertinent probate statute.  The purpose of G. L.
c. 260, § 32, is "to relieve a person who, in the exercise of
due diligence, within the time limited by the general statute of
limitations, has attempted to enforce a claim by suit, and has
failed in such attempt by reason of some matter of form, which
can be remedied in a new proceeding, and which does not affect
the merits of his case."  Cannonball Fund, Ltd. v. Dutchess
Capital Mgmt., LLC, 84 Mass. App. Ct. 75, 84-85 (2013), quoting
from Cumming v. Jacobs, 130 Mass. 419, 421 (1881).  "The
provisions of G. L. c. 260, § 32, are to be construed liberally,
in the interest of determining the parties' rights on the

---

[4] The limitations provision in G. L. c. 260, § 5A, is
applicable to proceedings under G. L. c. 93A.  The parties have
not differentiated between the statutory and common-law causes
of action here, presumably because of the application of the
limitations period in G. L. c. 260 to G. L. c. 93A.  Compare
Maltz v. Smith Barney, Inc., 427 Mass. at 562 ("Appellate
decisions in this Commonwealth have not been entirely consistent
in interpreting [the] language [of G. L. c. 260, § 32,] where
the limitation is imposed by another statute") (emphasis added).

merits." Boutiette v. Dickinson, 54 Mass. App. Ct. 817, 818 (2002).

By contrast, the statute of limitations contained in the MUPC is designed to prevent the prolongation of litigation that G. L. c. 260, § 32, permits. "The purpose of the [probate] statute is to expedite the settlement of estates." Gates v. Reilly, 453 Mass. 460, 466 (2009). See New England Trust Co. v. Spaulding, 310 Mass. 424, 429 (1941).[5] Between 1852 and 2008, the limitations period for suits against an estate was reduced from four years from the date of bond to two years from the date of bond, and finally to one year from the date of death.[6] "The legislative intent to impose a shortened period for bringing claims of this nature is further evident from the [successive] amendment[s] . . . reducing the limitations period." Ford v.

---

[5] Other States that have adopted the Uniform Probate Code, whether in part or in its entirety, also recognize that its purpose is to effectuate the speedy settlement of estates. See In re Estate of Ongaro, 998 P.2d 1097, 1102 (Colo. 2000); Estate of Staples, 672 A.2d 99, 101 (Me. 1996). See also Fazilat v. Feldstein, 180 N.J. 74, 82-86 (2004) (weighing statute of limitations requirements of probate act against those of parentage act).

[6] At its earliest inception, the statute of limitations applicable to claims against an estate was three years from the date of bond, and rose for a time to four years. See St. 1788, c. 66, § 3 (three years); St. 1791, c. 28, § 2 (four years); R.S. 1836, c. 66, § 3 (four years). Thereafter, the limitations period was reduced. See St. 1852, c. 294, § 1 (two years); St. 1914, c. 699, § 3 (one year); St. 1971, c. 548, § 1 (six months); St. 1972, c. 256 (nine months); St. 1989, c. 329, § 5 (one year from date of death).

<u>Commissioner of Correction</u>, 27 Mass. App. Ct. 1127, 1129 (1989)

(discussing amendments to G. L. c. 249, § 4).

The Legislature also added a savings clause to the probate

statute for claims against an estate in 1855, where it remained

for 153 years. See G. L. c. 197, § 12 (repealed in 2008).[7] When

Massachusetts finally adopted the Uniform Probate Code (model

code) in 2008, repealing G. L. c. 197 in its entirety, the

Legislature retained the one-year limitations period for suits

against an estate's personal representative, see G. L. c. 190B,

§ 3-803(<u>a</u>), a limitations period which by that point also had

been adopted by the drafters of the model code.[8] The savings

---

[7] The savings clause in G. L. c. 197, § 12 (repealed, along with all of G. L. c. 197, by St. 2008, c. 521, § 16, upon the enactment of the MUPC), was similar to and construed in conformity with G. L. c. 260, § 32, which predates § 12. As to the history of G. L. c. 260, § 32, see <u>Jordan</u> v. <u>County Commrs. of Bristol</u>, 268 Mass. 329, 331 (1929), citing Province Laws 1770-1771, c. 9, § 3; St. 1793, c. 75, § 2. For those provisions adding or retaining the savings clause, see St. 1855, c. 157, § 1; G.S. 1860, c. 97, § 7; P.S. 1882, c. 136, § 12; R.L. 1902, c. 141, § 12; St. 1914, c. 699, § 5; St. 1976, c. 515, § 17; St. 1977, c. 76, § 2.

[8] The Uniform Probate Code originally contained a somewhat different limitations period of three years from the date of death. Uniform Probate Code § 3-803(a)(2), 8 U.L.A. 457 (Master ed. 1972). In 1989, the drafters of the model code reduced this limitations period to one year from the date of death. See Uniform Probate Code § 3-803(a)(1), 8 (Part II) U.L.A. 215 (Master ed. 1998). The drafters recognized that "the new bar running one year after death may be used by some sets of successors to avoid payment of claims against their decedents of which they are aware." Uniform Probate Code comment to G. L. c. 190B, § 3-803, 31 Mass. Gen. Laws Ann., at 399 (West 2012). In spite of this potential problem, the drafters of the model

clause formerly contained in G. L. c. 197, § 12, did not appear in the model code, and was not retained in the MUPC.  See G. L. c. 190B, § 3-803.  "Where the Legislature has deleted such language, apparently purposefully, the current version of the statute cannot be interpreted to include the rejected requirement."  Ellis v. Department of Industrial Accs., 463 Mass. 541, 557 (2012), quoting from Kenniston *v.* Department of Youth Servs*.,* 453 Mass. 179, 185 (2009).

Thus, the legislative purposes of G. L. c. 260, § 32, and G. L. c. 190B, § 3-803(a), are in conflict.  While G. L. c. 260, § 32, affords the diligent litigant additional time to file a claim, G. L. c. 190B, § 3-803(a), imposes a bar designed to marshal claims and close estates.  Moreover, the differences between the two statutes of limitation are plainly the product of legislative design.  This case is therefore distinguishable from O'Brien, supra, upon which Abrahamson relies.  O'Brien held that there was no inconsistency between the (then) two-year statute of limitations for tort claims under G. L. c. 260, and a special statute providing for a two-year statute of limitations for tort claims against the Massachusetts Bay Transportation

_____

code shortened the limitations period, concluding that any potential benefits derived from keeping a claimant's window to bring suit against an estate open beyond one year would be counterbalanced by the costs a different approach would impose upon all estates.  Ibid.  This change, and the accompanying commentary, were adopted in the MUPC.

Authority.  In O'Brien, the time periods were identical, and there was no inconsistency in legislative purpose or design. 405 Mass. at 442.  See Carroll v. Worcester, 42 Mass. App. Ct. 628, 630 (1997) (special provision and G. L. c. 260 tort claim limitations periods were both three years).

It is undisputed that Abrahamson filed suit against the estate in Massachusetts more than one year after LeBold's death. His claims are time barred by the one-year limitations period in G. L. c. 190B, 3-803(a), as a matter of law.

3.  Equitable relief.  Abrahamson seeks equitable relief from the one-year statute of limitations because he provided the estate with actual notice when, in the Ohio lawsuit, he substituted the defendant for LeBold.  However, G. L. c. 190B, § 3-803(e), provides that only the Supreme Judicial Court may grant a complaint in equity filed by a creditor "whose claim has not been prosecuted within the time limited by subsections (a) or (b) . . . ."  As a result, the request for equitable relief was properly denied.[9]

Judgment affirmed.

---

[9] The defendant's request for attorney's fees is denied.