NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-51

KIMBERLY MCCORMICK

vs.

RICHARD J. BECKWITH, personal representative.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Kimberly McCormick, appeals from a summary judgment entered against her in the Superior Court.  McCormick filed a complaint against the defendant, Richard J. Beckwith, as the personal representative of the estate of their mother, Brenda T. Beckwith, claiming that McCormick was entitled to certain property, including General Electric stock or securities that McCormick alleged were gifted to her by her father when McCormick was a minor.[2]  McCormick filed the complaint on

---

[1] Of the estate of Brenda T. Beckwith.

[2] In addition to the General Electric stock, the other property McCormick alleged that her mother owed was (1) insurance proceeds from the destruction of a building McCormick and her mother held as joint tenants, (2) repair costs for McCormick's vehicle damaged when her mother was in

December 27, 2022, more than one year after her mother's death on September 19, 2021.  Because, in reviewing the limited record on appeal, we agree with the motion judge that the plaintiff's claims are time barred pursuant to G. L. c. 260, § 2A, and G. L. c. 190B, § 3-803 (a), we affirm.

Discussion.  "Our review of a decision on a motion for summary judgment is de novo."  Berry v. Commerce Ins. Co., 488 Mass. 633, 636 (2021).[3]  An action for replevin[4] must be commenced in the three years after the cause of action accrues.  G. L. c. 260, § 2A.  Under the discovery rule, a cause of action accrues "when a plaintiff discovers, or any earlier date when she should reasonably have discovered, that she has been harmed

_____

possession, (3) compensation for work McCormick performed on her mother's house, (4) personal belongings stored at her mother's property, and (5) compensation for financial assets McCormick's mother wrongfully took from her.

[3] "The burden is on the appellant to ensure that an adequate record exists for an appellate court to evaluate."  Openshaw v. Openshaw, 493 Mass. 599, 611 n.21 (2024), quoting Commonwealth v. Woods, 419 Mass. 366, 371 (1995).  "An appellant's obligation to include those parts of the trial transcript and copies of motions which are essential for review of the issues raised on appeal . . . is a fundamental and longstanding rule of appellate civil practice" (quotation and citation omitted).  Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995).  See Mass. R. A. P. 8 (a)-(c), as appearing in 481 Mass. 1611 (2019); Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019).

[4] Replevin is a cause of action to recover goods that another person has unlawfully taken or detained.  See G. L. c. 247, § 7.

2

or may have been harmed by the defendant's conduct." Bowen v. Eli Lilly & Co., 408 Mass. 204, 205-206 (1990). Additionally, "a personal representative shall not be held to answer to an action by a creditor of the deceased unless such action is commenced within 1 year after the date of death of the deceased." G. L. c. 190B, § 3-803 (a). Where the statutes of limitations under G. L. c. 260 and G. L. c. 190B are inconsistent, the shorter statute of limitations in G. L. c. 190B governs. Abrahamson v. Estate of LeBold, 89 Mass. App. Ct. 223, 225-226 (2016). See G. L. c. 260, § 19 ("If a special provision is otherwise made relative to the limitation of any action, any provision of this chapter inconsistent therewith shall not apply").

McCormick does not dispute the motion judge's finding, consistent with McCormick's own assertions, that she tried to retrieve her personal belongings from her mother in February 2018 but her mother refused. See Bowen, 408 Mass. at 205-206 (cause of action accrues at plaintiff's discovery of harm). At that point McCormick was made aware that her property was being held against her wish. Because she did not commence a cause of action for the property until December 27, 2022, more than four years later, her claims are time barred. See G. L. c. 260, § 2A.

McCormick claims that she did not learn that her mother was in possession of one category of the claimed property, the General Electric stock, until her father's death in 2020. Her claims are nevertheless barred because McCormick filed her claim more than one year after her mother's death. See G. L. c. 190B, § 3-803 (a) ("a personal representative shall not be held to answer to an action by a creditor of the deceased unless such action is commenced within 1 year after the date of death of the deceased"). McCormick notes that she objected to the estate on December 20, 2021, but the objection makes no reference to her property claims, and she failed to provide the affidavit of objection. Where McCormick's claims rely on the content of her objection, reviewing the merits of these claims would require us to engage in speculation. Contrast Matter of M.C., 481 Mass. 336, 345 (2019), quoting Commonwealth v. Bottiglio, 357 Mass. 593, 597 (1970) (incomplete record sufficient to permit review where court was not required to "resort to speculation"). We

4

therefore must agree with the motion judge that McCormick's claims are time barred.

Judgment affirmed.

By the Court (Vuono,
    Desmond & Toone, JJ.[5]),

*Paul Little*

Clerk

Entered:  November 25, 2025.

---

[5] The panelists are listed in order of seniority.