2008 WY 138

**STATE of Wyoming by and through the WYOMING DEPARTMENT OF REVENUE, Appellant (Petitioner),**

v.

**HANOVER COMPRESSION, LP, Appellee (Respondent).**

No. S–07–0264.

Supreme Court of Wyoming.

Nov. 21, 2008.

Representing Appellant: Bruce A. Salzburg, Attorney General; Michael L. Hubbard, Deputy Attorney General; Martin L. Hardsocg, Senior Assistant Attorney General; William F. Russell, Senior Assistant Attorney General. Argument by Mr. Russell.

Representing Appellee: Nicole Crighton and Jesse R. Adams, III of Oreck, Crighton,

Adams & Chase, LLC, Boulder, Colorado. Argument by Mr. Adams.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] In this case, the Wyoming Department of Revenue ("Department") challenges the Board of Equalization ("Board") determination that certain income received by Hanover Compression, LP ("Hanover") for the operation and maintenance of compressor facilities was exempt from sales tax. Finding no error, we will affirm.

## ISSUE

[¶ 2] Whether the compressor facilities maintained by Hanover fall within the definition of real property found in Wyo. Stat. Ann. § 39–15–101(a)(v) (LexisNexis 2007)?

## FACTS

[¶ 3] Williams Field Services Company ("Williams"), who is not a party to this matter, owns natural gas compressors located at Saddle Ridge and Frewen Lake compressor stations in Wyoming. Hanover operated and maintained the compressor facilities pursuant to a contract with Williams. Williams paid Hanover to monitor the operation of the compressor facilities and ensure they functioned within the appropriate parameters.

[¶ 4] In the fall of 2006, the Wyoming Department of Audit conducted a sales and use tax audit of Hanover's operations for the period of January 1, 2002 though December 31, 2004. The audit revealed that Hanover had not been paying sales tax on the income received for its work on the Williams compressor facilities. The Department of Revenue, based on the audit findings, issued an assessment to Hanover seeking to collect sales tax allegedly owed by Hanover during the audit period.

[¶ 5] Hanover appealed the Department's determination and assessment to the Board. Under Wyoming tax law, sales taxes are

collected on income received for repair, operation, and improvement to *personal property*.[1] However, no sales taxes are paid on such services to *real property*. Therefore, the question before the Board was whether the compressor facilities were to be considered real or personal property. The Department considered them personal property and argued that income received by Hanover for its work on the compressor facilities was subject to sales tax. Hanover contended that the compressor facilities were real property and the income was exempt from sales tax.

[¶ 6] A hearing convened on May 15, 2007. The Board reversed the Department's determination and concluded that the compressor facilities were real property and therefore Hanover was not required to pay sales tax on its income related to the service of the compressor facilities. The Department filed a Petition for Review of Administrative Action in the district court, and the parties filed a joint motion to certify that matter to this Court.

## STANDARD OF REVIEW

[¶ 7] When we review cases certified to this Court pursuant to W.R.A.P. 12.09(b), we apply the appellate standards applicable to the court of the first instance. *State ex rel. Wyo. Dep't of Revenue v. Buggy Bath Unlimited, Inc.*, 2001 WY 27, ¶ 5, 18 P.3d 1182, 1185 (Wyo.2001); *see also Union Tel. Co. v. Wyo. Pub. Serv. Comm'n*, 907 P.2d 340, 341–42 (Wyo.1995). Wyo. Stat. Ann. § 16–3–114 (LexisNexis 2005) governs judicial review of administrative decisions. *Buggy Bath Unlimited, Inc.*, ¶ 5, 18 P.3d at 1185; *Everheart v. S & L Indust.*, 957 P.2d 847, 851 (Wyo.1998).

When an appealing party contests an agency's findings of fact, we examine the entire record to determine if the agency's findings are supported by substantial evidence. *RT Commc'ns, Inc. v. State Bd. of Equalization*, 11 P.3d 915, 920 (Wyo.2000). If the agency's findings of fact are sup-

---

1. The specific statutory provisions will be cited and discussed in the "Discussion" section below

(*see infra* ¶ 8).

ported by substantial evidence, we will not substitute our judgment for that of the agency and will uphold the factual findings on appeal. *Id.*

. . . .

We review an agency's conclusions of law *de novo. Wyo. Dep't of Revenue v. Guthrie,* 2005 WY 79, ¶ 13, 115 P.3d 1086, 1091 (Wyo.2005). If a conclusion of law is in accord with the law, it is affirmed. *Airtouch Commc'ns, Inc. v. Dep't of Revenue,* 2003 WY 114, ¶ 10, 76 P.3d 342, 347 [(Wyo. 2003)]. "However, when the agency has failed to properly invoke and apply the correct rule of law, we correct the agency's error." *Id.* This case requires interpretation of the relevant tax statutes. Statutory interpretation is a question of law. *Powder River Coal Co. v. Wyo. State Bd. of Equalization,* 2002 WY 5, ¶ 6, 38 P.3d 423, 426 (Wyo.2002); *Chevron U.S.A., Inc. v. State,* 918 P.2d 980, 983 (Wyo.1996).

*Powder River Coal Co. v. Wyo. Dep't of Revenue,* 2006 WY 137, ¶¶ 7–9, 145 P.3d 442, 445–46 (Wyo.2006).

### DISCUSSION

[¶ 8] Our analysis of whether the Board was correct in determining that the compressor facilities are real property and that Hanover is therefore not responsible for payment of sales tax, is twofold. First, we must determine whether the Board's interpretation of Wyo. Stat. Ann. § 39–15–101(a)(v) was in accord with the law. Second, we must review the Board's application of the statute to the facts, and ensure that the Board's decision is supported by substantial evidence. We turn first to the legal question, which is one of statutory interpretation.

In interpreting statutes, our primary consideration is to determine the legislature's intent. All statutes must be construed in *pari materia* and, in ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony. Statutory construction is a question of law, so our standard of review is de novo. We endeavor to interpret statutes in accordance with the

legislature's intent. We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe all parts of the statute in *pari materia.* When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. *Wyoming Board of Outfitters and Professional Guides v. Clark,* 2001 WY 78, ¶ 12, 30 P.3d 36, ¶ 12 (Wyo.2001); *Murphy v. State Canvassing Board,* 12 P.3d 677, 679 (Wyo. 2000). Moreover, we must not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation. *Billis v. State,* 800 P.2d 401, 413 (Wyo.1990) (citing *McGuire v. McGuire,* 608 P.2d 1278, 1283 (Wyo.1980)).

Moreover, we will not enlarge, stretch, expand, or extend a statute to matters that do not fall within its express provisions. *Gray v. Stratton Real Estate,* 2001 WY 125, ¶ 5, 36 P.3d 1127, ¶ 5 (Wyo.2001); *Bowen v. State, Wyoming Real Estate Commission,* 900 P.2d 1140, 1143 (Wyo. 1995).

*Loberg v. Wyo. Workers' Safety & Comp. Div.,* 2004 WY 48, ¶ 5, 88 P.3d 1045, ¶ 5 (Wyo.2004) (quoting *Board of County Comm'rs of Teton County v. Crow,* 2003 WY 40, ¶¶ 40–41, 65 P.3d 720, ¶¶ 40–41 (Wyo.2003)). Only if we determine the language of a statute is ambiguous will we proceed to the next step, which involves applying general principles of statutory construction to the language of the statute in order to construe any ambiguous language to accurately reflect the intent of the legislature. If this Court determines that the language of the statute is not ambiguous, there is no room for further construction. We will apply the language of the statute using its ordinary and obvious meaning.

*BP Am. Prod. Co. v. Wyo. Dep't of Revenue,* 2005 WY 60, ¶ 15, 112 P.3d 596, 604 (Wyo. 2005).

[¶ 9] With these concepts in mind, we turn to the specific language of relevant statutes. First, Wyo. Stat. Ann. § 39–15–103(a)(i)(J) (LexisNexis 2007) provides:

(a) Taxable event. The following shall apply.

(i) Except as provided by W.S. 39–15–105, there is levied an excise tax upon:

. . . .

(J) The sales price paid for services performed for the repair, alteration or improvement of tangible personal property;

The statutes do not define personal property; however, real property, for purposes of assessing sales taxes, is defined in Wyo. Stat. Ann. § 39–15–101(a)(v)(A) through (D) (LexisNexis Supp.2008).

(v) "Real property" means land and appurtenances, including structures affixed thereto. An article shall be considered real property if:

(A) It is buried or embedded; or

(B) It is physically or constructively annexed to the real property; and

(C) It is adapted to the use of the real property; and

(D) Considering the purpose for which the annexation was made, one can reasonably infer that it was the intent of the annexing party to make the article a permanent part of the real property.

[¶ 10] The Board interpreted the definition of real property found in the above statute as follows:

77. There is an important difference between the first sentence incorporating the original real property definition, and the added language of the second sentence. The first sentence refers to land and appurtenances, and structures affixed thereto, which over time have unquestionably been viewed as real property. They are neither portable nor easily moved.

78. In contrast, the second sentence of the statute added in 1999, refers to an "article." Such term is not statutorily defined, thus a determination of legislative intent allows consideration of the undefined term according to its common meaning. *Fraternal Order of Eagles Sheridan Aerie No. 186, Inc. v. State of Wyoming*, 2006 WY 4, ¶ 53, 126 P.3d 847, Fn. 17, 126 P.3d 847, 865 (Wyo.2006). An "article" by common definition and understanding indicates something quite different from an appurtenance or a structure. An article is, in common understanding, an item which is portable, which is easily movable such as an article of clothing or an article of luggage. *Black's Law Dictionary*, p. 106 (7th Ed.1999); *Webster's New World College Dictionary*, p. 80 (4th Ed.2002).

79. The Legislature, by adding the "article" sentence to the definition of real property, in effect included within the definition of real property for sales and use tax purposes two distinct types of property. The definition now includes first, traditional land, appurtenances, and structures, and secondly, "articles" which, while generally portable and moveable, are to be considered real property if certain requirements are fulfilled.

Applying that interpretation to the facts before it, the Board then found:

86. The compressor buildings at both Frewen Lake and Saddle Ridge, along with the compressor units as housed and attached are structures affixed to land, and thus real property as defined by the first sentence of Wyo. Stat. Ann. § 39–15–101(a)(v).

[¶ 11] On appeal, the Department challenges the Board's conclusion that compressor facilities are real property. The Department does not dispute the Board's conclusion that the compressor facilities are "structures," as set forth in the first sentence § 39–15–101(a)(v). In its brief, the Department states:

In short, neither party appealed the conclusion that the first and second sentences in the definition of "real property" are mutually exclusive. And neither party appealed the finding that the compressors are "structures" as defined by the first sentence of the statute. Consequently, the only issue before this Court is whether the compressors are real property within the

meaning of "land and appurtenances, including structures affixed thereto."

Instead of challenging the Board's interpretation of the statute, the Department now argues that even if the compressor facilities are "structures" under the statute, a common law analysis of fixtures should be applied and these "structures" should be considered personal property. Specifically, the Department relies on a common law three-part test used to determine if a chattel is appurtenant to real estate. In response, Hanover contends that the Board's unchallenged finding that the compressor facilities are "structures" is in accordance with the law, supported by substantial evidence, and therefore must be affirmed.

[¶ 12] With regard to the Board's interpretation of the statute, we agree with Hanover (and the Department) that, as a matter of law, the Board properly interpreted the plain language of Wyo. Stat. Ann. § 39–15–101(a)(v). With regard to the application of that statute to this case, we will briefly look to the plain and ordinary meaning of the terms "structure" and "affixed" to determine if the Board's ultimate finding is correct. According to *Webster's* a "structure" is simply "something constructed or built." *Webster's Third New International Dictionary* 2267 (3d ed.1993). Another definition, from *Black's Law Dictionary* defines "structure" as "[a]ny construction, production or piece of work artificially built up or composed of parts purposefully joined together <a building is a structure>." *Black's Law Dictionary* 1464 (8th ed.1999). The term "affixed" is defined as: "to attach physically (as by nails or glue) ... to attach in any way." *Webster's Third New International Dictionary* 36 (3d ed.1993).

[¶ 13] The Board described the compressor facilities as follows:

86. ... Each compressor building is affixed to a concrete foundation or pad. Each compressor unit, composed of an engine, compressor, associated piping, and in some instances a cooler, as aligned on a skid, is bolted to a concrete foundation. The compressor unit is attached by jack-bolts with concrete grout added around the unit to prevent its high vibration levels from causing it to creep out of alignment on the foundation. The unit is then hard-wired and plumbed into the compressor building.

. . . .

88. The structural nature of the compressor units as affixed within and attached to the compressor buildings is reinforced by the extensive procedures required to remove a compressor unit. The compressor building must be removed. The compressor unit must be broken free from the foundation with jack hammers. The piping and cooler must be removed. The unit must then be removed with a crane.

[¶ 14] Comparing the description of the compressor facilities to the plain meaning of the terms "structure" and "affixed," it is clear that the compressor facilities fit within the statutory definition of real property. As noted previously, the department does not dispute that the compressor facilities are "structures" under the statute; rather, the Department attempts to classify them as personal property by applying a common law analysis of fixtures. The Department's position, however, runs afoul of two important principles of statutory construction. First, as we have said, we give effect to the plain and ordinary meaning of the words and will not resort to the rules of statutory construction when a statute is clear and unambiguous. *Wyo. Bd. of Outfitters & Prof'l Guides v. Clark,* 2001 WY 78, ¶ 12, 30 P.3d 36, 41 (Wyo.2001). As applied to the facts presented here, the statute is plain and unambiguous that the compressor facilities are real property, and therefore we find it unnecessary and inappropriate to look any further than the language of the statute.

[¶ 15] Second, the Department's argument concerning the law of fixtures focuses on when goods, or items of personal property, "become so related to particular real property that an interest in them arises under real property law." Wyo. Stat. Ann. § 34.1–9–102(a)(xli) (LexisNexis 2007). This analysis is unnecessary, however, inasmuch as the second sentence of § 39–15–101(a)(v) addresses when "an article," typically considered personal property, may be "considered real property." Applying a fixtures analysis

would make this portion of the statute unnecessary, and we have said we will not give a statute a meaning that nullifies its operation if it is susceptible to another interpretation. *Billis v. State*, 800 P.2d 401, 413 (Wyo.1990).

## CONCLUSION

[¶ 16] The Board's interpretation of the statutory definition of real property found in Wyo. Stat. Ann. § 39–15–101(a)(v) is in accord with the law. Likewise, the Board's factual determination that the compressor facilities fit within that statutory definition is supported by substantial evidence. Therefore, we affirm.