238 P.3d 580 (2010)
2010 WY 124
Nancy HALL, Appellant (Plaintiff),
v.
PARK COUNTY, Appellee (Defendant).
No. S-10-0015.
Supreme Court of Wyoming.
September 3, 2010.
*581 Representing Appellant: M. Jalie Meinecke of Meinecke & Sitz, LLC, Cody, Wyoming.
Representing Appellee: Larry B. Jones and William L. Simpson of Simpson, Kepler & Edwards, LLC, The Cody, Wyoming division of Burg Simpson Eldredge Hersh and Jardine, P.C. Argument by Mr. Jones.
Before KITE, C.J., and GOLDEN, HILL, VOIGT[*], and BURKE, JJ.
VOIGT, Justice.
[¶ 1] This is an appeal from a district court order dismissing the appellant's complaint for lack of subject matter jurisdiction. Finding no error, we similarly dismiss this appeal.

ISSUE
[¶ 2] Whether the savings statute, Wyo. Stat. Ann. § 1-3-118 (LexisNexis 2009), applies to actions brought under the Wyoming Governmental Claims Act (WGCA), Wyo. Stat. Ann. § 1-39-114 (LexisNexis 2009)?

STANDARD OF REVIEW
[¶ 3] Jurisdictional issues, being questions of law, are reviewed de novo. Jauregui v. Mem'l Hosp. of Sweetwater Co., 2005 WY 59, ¶ 4, 111 P.3d 914, 916 (Wyo.2005); Wilson v. Town of Alpine, 2005 WY 57, ¶ 4, 111 P.3d 290, 291 (Wyo.2005). If the district court lacked subject matter jurisdiction, this Court has jurisdiction on appeal, not on the merits, but only as to the jurisdictional issue. NMC v. JLW ex rel. NAW, 2004 WY 56, ¶ 9, 90 P.3d 93, 96 (Wyo.2004). The absence of subject matter jurisdiction makes dismissal, rather than affirmance, the proper course. Motley v. Platte County, 2009 WY 147, ¶ 3, 220 P.3d 518, 520 (Wyo.2009).
*582 [¶ 4] In turn, our standard of review for questions of statutory interpretation is as follows:
In interpreting statutes, our primary consideration is to determine the legislature's intent. All statutes must be construed in pari materia and, in ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony. Statutory construction is a question of law, so our standard of review is de novo. We endeavor to interpret statutes in accordance with the legislature's intent. We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe all parts of the statute in pari materia. When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. Wyoming Board of Outfitters and Professional Guides v. Clark, 2001 WY 78, ¶ 12, 30 P.3d 36, ¶ 12 (Wyo.2001); Murphy v. State Canvassing Board, 12 P.3d 677, 679 (Wyo. 2000). Moreover, we must not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation. Billis v. State, 800 P.2d 401, 413 (Wyo.1990) (citing McGuire v. McGuire, 608 P.2d 1278, 1283 (Wyo.1980)).
Moreover, we will not enlarge, stretch, expand, or extend a statute to matters that do not fall within its express provisions. Gray v. Stratton Real Estate, 2001 WY 125, ¶ 5, 36 P.3d 1127, ¶ 5 (Wyo.2001); Bowen v. State, Wyoming Real Estate Commission, 900 P.2d 1140, 1143 (Wyo. 1995).

Loberg v. Wyo. Workers' Safety & Comp. Div., 2004 WY 48, ¶ 5, 88 P.3d 1045, ¶ 5 (Wyo.2004) (quoting Board of County Comm'rs of Teton County v. Crow, 2003 WY 40, ¶¶ 40-41, 65 P.3d 720, ¶¶ 40-41 (Wyo.2003)). Only if we determine the language of a statute is ambiguous will we proceed to the next step, which involves applying general principles of statutory construction to the language of the statute in order to construe any ambiguous language to accurately reflect the intent of the legislature. If this Court determines that the language of the statute is not ambiguous, there is no room for further construction. We will apply the language of the statute using its ordinary and obvious meaning.
State v. Hanover Compression, LP, 2008 WY 138, ¶ 8, 196 P.3d 781, 784 (Wyo.2008) (quoting BP Am. Prod. Co. v. Wyo. Dep't of Revenue, 2005 WY 60, ¶ 15, 112 P.3d 596, 604 (Wyo.2005)).

FACTS
[¶ 5] On October 31, 2007, Hall's minivan was struck by a County road grader. Hall presented a claim to the County on February 22, 2008, seeking compensation for personal injury and property damages. On February 20, 2009, Hall filed a complaint against the County based upon that claim. The County responded to Hall's complaint with a motion to dismiss pursuant to W.R.C.P. 12(b)(1), asserting that the district court lacked subject matter jurisdiction because the complaint did not allege that Hall's claim complied with the requirements of Article 16, § 7 of the Wyoming Constitution. The motion was heard on June 5, 2009, with a decision letter following on July 20, 2009, and an Order Dismissing Complaint With Prejudice filed on July 28, 2009. The dismissal was with prejudice because the one-year period of limitations for bringing an action under the WGCA, found at Wyo. Stat. Ann. § 1-39-114, had passed, leaving Hall time-barred from bringing another action.
[¶ 6] Hall did not appeal the dismissal of her complaint, which means, of course, that that dismissal is not now before this Court. Instead, on July 27, 2009, Hall filed a new complaint in a separate civil action, with the same averments of her first complaint, but with additional language alleging compliance with the state constitution, and with a copy of her governmental claim attached. As before, the County responded with a motion to dismiss, this time based, inter alia, on the period of limitations found in Wyo. Stat. Ann. *583 § 1-39-114.[1] The district court heard the second motion to dismiss on October 9, 2009, and on October 19, 2009, issued a second Order Dismissing Complaint With Prejudice. The conclusions upon which the second dismissal was based were as follows:
1. This Court does not have subject matter jurisdiction since the Complaint herein was not filed within one year of the date the Notice of Claim was submitted to Defendant Park County. W.S. § 1-39-114 (LexisNexis 2009).
2. The Savings Statute does not apply to the facts of this case. The Savings Statute is not a substitute for an appeal.
It is from this order that Hall now appeals.

WYO. STAT. ANN. § 1-39-114
[¶ 7] The relevant period of limitations from the Wyoming Governmental Claims Act is found at Wyo. Stat. Ann. § 1-39-114, which statute reads as follows:
Except as otherwise provided, actions against a governmental entity or a public employee acting within the scope of his duties for torts occurring after June 30, 1979 which are subject to this act shall be forever barred unless commenced within one (1) year after the date the claim is filed pursuant to W.S. 1-39-113. In the case of a minor seven (7) years of age or younger, actions against a governmental entity or public employee acting within the scope of his duties for torts occurring after June 30, 1979 which are subject to this act are forever barred unless commenced within two (2) years after occurrence or until his eighth birthday, whichever period is greater. In no case shall the statute of limitations provided in this section be longer than any other applicable statute of limitations. In the absence of applicable insurance coverage, if the claim was properly filed, the statute shall be tolled forty-five (45) days after a decision by the entity, if the decision was not made and mailed to the claimant within the statutory time limitation otherwise provided herein.
(Emphasis added.)

WYO. STAT. ANN. § 1-3-118
[¶ 8] The "savings statute" is found at Wyo. Stat. Ann. § 1-3-118, which statute reads as follows:
If in an action commenced in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits and the time limited for the commencement of the action has expired at the date of the reversal or failure, the plaintiff, or his representatives if he dies and if the cause of action survives, may commence a new action within one (1) year after the date of the failure or reversal. This provision also applies to any claim asserted in any pleading by a defendant.

DISCUSSION
[¶ 9] Before discussing the issue at hand, we will note briefly that, there having been no appeal from the dismissal of the first complaint, and the second dismissal not having been based upon the substance of the second complaint, the question of whether or not either complaint complied with statutory or constitutional requirements is not before the Court. In addition, the determination that the savings statute does not apply to the period of limitations found in the WGCA forecloses any need to consider another issue raised by the parties, that being whether a dismissal with prejudice is an adjudication on the merits under the savings statute.[2]
[¶ 10] It is uncontroverted that, under the WGCA, immunity is the rule, and liability the exception. State, Dep't of Corrections v. Watts, 2008 WY 19, ¶ 20, 177 P.3d *584 793, 798 (Wyo.2008); DeWald v. State, 719 P.2d 643, 646 (Wyo.1986); Lawrence J. Wolfe, Comment, Wyoming's Governmental Claims Act: Sovereign Immunity with ExceptionsA Statutory Analysis, XV Land & Water L.Rev. 619, 623 (1980). Specifically, Wyo. Stat. Ann. § 1-39-104(a) (LexisNexis 2009), provides in pertinent part as follows:
(a) A governmental entity and its public employees while acting within the scope of duties are granted immunity from liability for any tort except as provided by [this Act].
[¶ 11] This Court has not previously considered the issue, but other courts have held that, absent specific statutory provision to the contrary, the doctrine of immunity precludes application of the savings statute in cases involving governmental claims. See, e.g., Davidson v. Lewis Bros. Bakery, 227 S.W.3d 17, 19-20 (Tenn.2007) (sovereign immunity bars application of savings statute); Lynn v. City of Jackson, 63 S.W.3d 332, 337 (Tenn.2001) (sovereign immunity bars application of savings statute); Yonkers Contracting Co., Inc. v. Port Authority Trans-Hudson Corp., 93 N.Y.2d 375, 690 N.Y.S.2d 512, 712 N.E.2d 678, 680-81 (1999) (sovereign immunity bars application of savings statute); 51 Am.Jur.2d Limitation of Actions § 278 (2000); and 54 C.J.S. Limitations of Actions § 350 (2010). Where sovereign immunity is not the rule, or where a statute allows application of the savings statute to governmental claims, courts have allowed application of the savings statute. See, e.g., Carroll v. City of Worcester, 42 Mass.App.Ct. 628, 678 N.E.2d 1344, 1345-46 (1997) (neither the governmental claims act nor the savings statute precluded application of the latter to the former); and Cruse v. Bd. of County Comm'rs of Atoka County, 910 P.2d 998, 1000-1003 (Okla.1995) (savings statute applied to section of governmental claims act where phrase "shall be forever barred" was not used).[3]
[¶ 12] The language of Wyo. Stat. Ann. § 1-39-114 could not be more clear: actions against governmental entities are "forever barred" unless commenced within one year after presentment of the claim. There was no appeal of the dismissal of the first district court case filed by Hall, and the second district court case filed by Hall was filed outside the statutory period of limitations. Under the specific language of the statute, and in the particular circumstance of sovereign immunity being the WGCA's "default position," the second suit was time barred. The "closed ended" WGCA does not provide for liability beyond its specific provisions, and there is no provision within the WGCA for application of the savings statute, which is not part of the Act, to causes of action thereunder. The provisions of the more specific WGCA take precedence over the provisions of the more general savings statute. See Prokop v. Hockhalter, 2006 WY 75, ¶ 14, 137 P.3d 131, 135 (Wyo.2006) (specific statute of limitations for professionals governs over more general statute of limitations); see also Schafer v. State, 2008 WY 149, ¶ 12, 197 P.3d 1247, 1250 (Wyo.2008) (specific statute controls over general statute in criminal context); Qwest Corp. v. PSC of Wyo., 2007 WY 97, ¶ 32, 161 P.3d 495, 503 (Wyo.2007) (PSC authority under specific statute controls over authority granted in more general statute); and Thunderbasin Land, Livestock & Inv. Co. v. County of Laramie, 5 P.3d 774, 782 (Wyo.2000) (specific statute governing county roads controls over general administrative procedure statutes). Had the legislature intended that the period for filing an action under Wyo. Stat. Ann. § 1-39-114 be tolled in the circumstances covered by the savings statute, it would have said so in the statute, as it did for actions involving children seven years of age or younger, and actions involving untimely responses by governmental entities to presented claims.
[¶ 13] As stated above, we have noted many times that sovereign immunity was *585 abrogated by the Wyoming legislature only as strictly outlined in the WGCA. The courts of Wyoming do not have jurisdiction over governmental claims that do not meet the conditions of the Act.[4] The appellant's second complaint was not filed within the specific period of limitations set forth in Wyo. Stat. Ann. § 1-39-114, and therefore, the district court never obtained jurisdiction over the action.

CONCLUSION
[¶ 14] The savings statute, Wyo. Stat. Ann. § 1-3-118, does not apply to actions filed under the WGCA, Wyo. Stat. Ann. § 1-39-114. Consequently, the district court correctly determined that it did not have subject matter jurisdiction over Hall's second civil action, and correctly dismissed the same. This appeal is, likewise, dismissed.
VOIGT, J., delivers the opinion of the Court; KITE, C.J., files a dissenting opinion in which BURKE, J., joins.
KITE, Chief Justice, dissenting, in which BURKE, Justice, joins.
[¶ 15] I respectfully disagree with the majority opinion's conclusion that the savings statute, Wyo. Stat. Ann. § 1-3-118 (Lexis-Nexis 2009), does not apply to cases brought under the Wyoming Governmental Claims Act (WGCA). Section 1-3-118 provides in relevant part:
If in an action commenced in due time... the plaintiff fails otherwise than upon the merits and the time limited for the commencement of the action has expired at the date of the ... failure, the plaintiff ... may commence a new action within one (1) year after the date of the failure....
(Emphasis added). Pursuant to W.R.C.P. 3(b):
For purposes of statutes of limitation, an action shall be deemed commenced on the date of filing the complaint as to each defendant, if service is made on the defendant... within 60 days after the filing of the complaint. If such service is not made within 60 days the action shall be deemed commenced on the date when service is made.
(Emphasis added).
[¶ 16] In the present case, Ms. Hall commenced her action in due time within the meaning of § 1-3-118 and Rule 3(b). That is, she presented a notice of claim to the county "as an itemized statement in writing" on February 22, 2008, less than four months after the October 31, 2007, collision and well within the two year period the legislature prescribed in § 1-39-113 of the WGCA. She then filed her action against the county on February 20, 2009, within one year after the date she presented the notice of claim to the county as § 1-39-114 requires. Because the county was served with the complaint on April 17, 2009, within sixty days after it was filed, the action was deemed commenced under W.R.C.P. 3(b) on February 20, 2009.
[¶ 17] When the district court subsequently dismissed the action by order dated July 28, 2009, on the ground that the complaint did not allege compliance with Article 16, § 7 of the Wyoming Constitution, the "time limited for the commencement of the action" had expired. Additionally, Ms. Hall's action "fail[ed] otherwise than upon the merits." See W.R.C.P. 41(b) which makes it clear that a dismissal for lack of jurisdiction is not an adjudication upon the merits.[5] Under *586 the savings statute, therefore, Ms. Hall was entitled to commence a new action within one year after the July 2009 order of dismissal. Her new action, filed July 27, 2009, was timely and the district court's order dismissing it for lack of subject matter jurisdiction should be reversed.
[¶ 18] In holding otherwise, the majority concludes the savings statute does not apply to cases brought under the WGCA. It reaches this result by reasoning that if the legislature had intended the savings statute to apply, it would have said so. Contrary to the majority, I would conclude that if the legislature had intended the savings statute not to apply, it would have said so.
[¶ 19] When construing statutory enactments, this Court has repeatedly said:
All statutes are presumed to be enacted by the legislature with full knowledge of the existing state of law with reference thereto and statutes are therefore to be construed in harmony with the existing law, and as a part of an overall and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to the decisions of the courts.
Hannifan v. American Nat'l Bank of Cheyenne, 2008 WY 65, ¶ 7, 185 P.3d 679, 683 (Wyo.2008), citing Voss v. Ralston, 550 P.2d 481, 486 (Wyo.1976). When the legislature enacted the WGCA in 1979, therefore, we must presume it was aware of the savings statute. It can reasonably be concluded that the savings statute is one of the provisions the legislature was referring to in § 1-39-114 when it prefaced the statute of limitations for governmental claims with the language "Except as otherwise provided," actions must be commenced within one year after presentation of the notice of claim.
[¶ 20] We must also presume that the legislature enacted the WGCA with full knowledge of this Court's decisions construing the savings statute. In Clause v. Columbia Savings & Loan Ass'n, 16 Wyo. 450, 95 P. 54 (1908), the S & L filed suit against the administrator of the estate of one of its members seeking payment of a debt the member owed to the S & L. The S & L also named the sheriff because the trust deed named him as successor trustee and he had declined to act as trustee after the initial trustee could not perform. Because the sheriff was a named defendant, the coroner served the summons and complaint in his stead as required by statute. The court granted the estate's motion to dismiss the action on the ground that the sheriff was not a proper party; therefore, service by the coroner was improper. The S & L filed a subsequent action naming just the estate. The district court dismissed again.
[¶ 21] Addressing on appeal the question of whether the first complaint and summons "commenced" the action within the meaning of the savings statute, the Court held that it didthe plaintiff's first action was "commenced in due time" and "failed otherwise than on the merits" so as to authorize bringing a new action within one year after the date the first action failed. The Court said:
The [district] court had unquestioned jurisdiction of the subject matter of the action, so that if the service of the summons by the coroner conferred jurisdiction over the person of the defendant, the action must be held to have been commenced. The mere fact that the service was quashed does not determine the question, for it is not every irregularity or imperfection in a summons or the service thereof which will deprive the court of jurisdiction, though it may justify or require the setting aside of service ... or the reversal ... of a judgment. To have the effect of failing to give jurisdiction, the summons or service must be so radically defective that it would authorize a collateral impeachment of a judgment rendered thereon....
Id. at 58-59. The Court said further:
Where there has been actual personal service, and therefore notice of the action, the weight of authority and the better reasoning favors the theory that [misdirected *587 process] renders the process voidable, but not void. * * * `The progressive and equitable idea is that in the administration of justice substance is to be held in higher regard than form, and technical defects should never be permitted to work injustice or deny substantial right. Process that is in every other particular valid, should not, for any omission of or defect in the direction, be considered more than voidable.'
Id. at 59.
[¶ 22] We recently reaffirmed the principles enunciated in Clause in Haney v. Cribbs, 2006 WY 158, ¶ 25, 148 P.3d 1118, 1125 (Wyo. 2006) when we concluded that the savings statute allowed plaintiffs to re-file their personal injury case after their original complaint was dismissed for lack of subject matter jurisdiction because it was served on the Attorney General and Department of Employment by regular mail rather than certified mail as required by Wyo. Stat. Ann. § 27-14-105(b). In holding that the savings statute applied, we looked at W.R.C.P. 3(b) and concluded that "commencement" of an action relates to service which in turn relates to notice. Finding that it is notice to the parties that is critical and, under the facts presented, the parties did not lack notice, "only the quality of the notice" was lacking, we concluded the action was commenced when the first complaint was served even though it was not served in the manner required. See also Hoke v. Motel 6 Jackson, 2006 WY 38, ¶ 16, 131 P.3d 369, 378 (Wyo. 2006), stating that the key to determining if service was sufficient to commence an action, and thus make the savings statute applicable to permit re-filing of a dismissed action, is whether the court obtained jurisdiction over the party.
[¶ 23] A majority of this Court has determined in other WGCA cases[6] that the failure to allege in the complaint compliance with Article 16, § 7 of the Wyoming Constitution deprives a district court of subject matter jurisdiction to hear a governmental claim. Because a court's jurisdiction originates only by constitutional or statutory provision, a pleading requirement created by this Court cannot grant or take away a district court's jurisdiction. Consequently, the determination that a district court does not have subject matter jurisdiction because a complaint fails to conform to a judicially created jurisdictional pleading requirement is contrary to the WGCA, which, in § 1-39-117, grants jurisdiction for any claim under the Act to the district courts; in § 1-39-113, requires presentation of a notice of claim "as an itemized statement in writing" to the entity within two years; and, in § 1-39-114, requires commencement of an action against the entity within one year of presenting the notice of claim.[7] Once these statutory requirements are met, a district court has subject matter jurisdiction. The fact that a complaint fails to allege that the notice of claim complied with the requirements of Article 16, § 7, a requirement this Court and not the legislature created, does not deprive a district court of subject matter jurisdiction. To the contrary, subject matter jurisdiction vests in the district court under the WGCA upon the filing of a complaint within one year after presentation of a claim complying with § 1-39-113.
[¶ 24] In light of the law existing at the time the legislature adopted the WGCA, construing *588 the WGCA in harmony with the existing law as part of a uniform system of jurisprudence, and determining the WGCA's meaning in connection with existing statutes, rules and court decisions as our rules of statutory construction require, I would hold that the savings statute applies to actions brought under the WGCA. Courts in other states have reached this result in construing their statutes. In Cruse v. Board of County Comm'rs of Atoka County, 910 P.2d 998, 1005 (Okla.1995), in holding the savings statute applied to a complaint against a county board, the court stated:
The legislature could have forbidden the application of [the savings statute] to the refiling of a timely-filed governmental tort claims act, but it did not. Reading the ... Act in its entirety, we conclude that where valid notice has been given and the governmental tort claims action has been timely filed ..., the court's power is invoked and, at that point, the governmental tort claims action is controlled by the laws of this state, including [the savings statute].
In Perez v. City of Meriden, 1998 WL 519034, 1998 Conn.Super. LEXIS 2274, the court held:

any suit ... is permissible under the savings statute and not barred by sovereign immunity. So long as the original action... has failed for want of jurisdiction and is refiled within one year it is not barred, even if it is against a state or local government.
See also Reese v. Ohio State Univ. Hosps., 6 Ohio St.3d 162, 451 N.E.2d 1196 (1983), holding the savings statute applicable to suits against the state, and Carroll v. City of Worcester, 42 Mass.App.Ct. 628, 678 N.E.2d 1344 (1997), holding the savings statute applicable to suits against public employers and stating that if the legislature intended the savings statute not to apply to suits against public employers it would have said so.
[¶ 25] I also find persuasive the following remarks of the Utah Supreme Court made in the context of Utah's Health Care Malpractice Act but generally addressing the relationship between specific statutes of limitations and a savings statute:
The legislature has enacted statutes of limitations specific to a wide variety of statutory and common law causes of action. See, e.g., Utah Code Ann. § 25-6-10 (2003) (statute of limitations on fraudulent transfer claims); Id. § 78-15-3 (statute of limitations on products liability claims); Id. § 78-12-48 (statute of limitations on asbestos damages claims). In each instance, the limitations period is the product of a policy assessment that includes consideration of the nature of the claim, the durability of evidence, and the impact of claims on insurance coverage, to name but a few. The savings statute similarly codifies a legislative policy judgment. We can find no clear conflict between statutes of limitation generally and the savings statute. To the extent that they relate to one another, that tie is complementary. Absent a clear expression of legislative intent that a statute of limitations ought to preempt the savings statute, we will not block access to it. The Malpractice Act provides no clear link between its tolling provisions for prelitigation procedures and an intention to supplant the savings statute. We will not discard rule 3 and cut off access to the savings statute based on this tenuous inference of preemption.
McBride-Williams v. Huard, 94 P.3d 175, 178 (Utah 2004). Like the Utah court, absent a clear expression of legislative intent that a statute of limitations preempts the savings statute, I would apply the savings statute. The WGCA provides no clear link between its tolling provisions and an intention to supplant the savings statute. I would not discard W.R.C.P. 3(b) and cut off access to the savings statute based on the tenuous inference that the WGCA preempts it as the majority has done.
NOTES
[*] Chief Justice at time of oral argument.
[1] In the instant case, the pertinent occurrences are the presentment of the claim to the County on February 22, 2008, the passage of one year from that date on February 22, 2009, and the filing of the second complaint on July 27, 2009.
[2] See Rawlinson v. Wallerich, 2006 WY 52, ¶ 10, 132 P.3d 204, 207 (Wyo.2006); Eklund v. PRI Envtl., Inc., 2001 WY 55, ¶ 17, 25 P.3d 511, 517 (Wyo.2001); W.R.C.P. 41(b)(1); Yonkers Contracting Co., Inc. v. Port Authority Trans-Hudson Corp., 93 N.Y.2d 375, 690 N.Y.S.2d 512, 712 N.E.2d 678, 680-81 (1999); Moulton-Garland v. Cabletron Sys., Inc., 143 N.H. 540, 736 A.2d 1219, 1221 (1999); Gilbreath v. Brewster, 250 Va. 436, 463 S.E.2d 836, 837-38 (1995); and 54 C.J.S. Limitations of Actions § 347 (2010).
[3] The majority in Cruse did note that not all courts agreed with it. Id. at 1000 n. 1. Furthermore, two justices dissented on the ground that the period of limitations in the governmental claims act was substantive in character, and was a condition upon the right created by the act, rather than a true statute of limitations. Id. at 1005-1008 (Opala, J., dissenting). For this Court's similar analysis of the period of limitations for the presentment of governmental claims found in Wyo. Stat. Ann. § 1-39-113 (LexisNexis 2009), see Bell v. Schell, 2004 WY 153, ¶¶ 25-36, 101 P.3d 465, 472-76 (Wyo.2004).
[4] One brief note in regard to the dissenting opinion: This Court has for years construed the WGCA as "closed-ended," with governmental liability specifically delimited by the mandates of the Act. One of those mandates is the "forever barred" language of Wyo. Stat. Ann. § 1-39-114. In the instant case, the majority opinion conforms to that precedent by concluding that, had the legislature intended for the savings statute to apply to WGCA actions, it would have added that exception to those set forth in Wyo. Stat. Ann. § 1-39-114. The dissenting justices, applying rules of statutory construction a bit differently, conclude that, had the legislature not wanted the savings statute to apply to actions filed under the WGCA, it would have said so. Both interpretations are plausible. The Court would welcome legislative guidance in this regard inasmuch as it is legislative intent that we are trying to determine.
[5] Rule 41. Dismissal of actions.

....
(b) Involuntary dismissal; effect thereof.
(1) By Defendant.For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction ..., operates as an adjudication upon the merits.
[6] See for example, McCann v. City of Cody, 2009 WY 86, 210 P.3d 1078 (Wyo.2009); Beaulieu v. Florquist, 2004 WY 31, 86 P.3d 863 (Wyo.2004).
[7] It has long been established in Wyoming that a lack of specificity in allegations does not deprive a district court of jurisdiction. In State v. Kusel, 29 Wyo. 287, 213 P. 367, 369 (1923), the Court said:

It is well settled that jurisdiction does not depend upon the sufficiency of the bill. If the court has jurisdiction of the subject matter and of the parties nothing further is required. The cause of action may be defectively stated, but that does not destroy jurisdiction. * * *
Whether a complaint does or does not state a cause of action is, so far as concerns the question of jurisdiction, of no importance, for if it states a case belonging to a general class over which the authority of the court extends, then jurisdiction attaches and the court has power to decide whether the pleading is good or bad.
See also State v. District Court of Eighth Judicial Dist. in and for Natrona County, 33 Wyo. 281, 238 P. 545, 550 (Wyo. 1925) in which the Court stated: "[J]urisdiction of the court does not-as most of the courts hold-depend on the sufficiency of a pleading."