**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ELLEN GARMAN, guardian and next
friend of Apryl Garman,

Plaintiff-Appellant,

v.

CAMPBELL COUNTY SCHOOL
DISTRICT NO. 1, State of Wyoming,
and CHRIS MILLIRON,

Defendants-Appellees.

No. 11-8042
(D.C. No. 1:09-CV-00248-WFD)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **HOLMES**, Circuit Judges.

Ellen Garman appeals the district court's dismissal with prejudice of her

complaint against Campbell County School District No. 1 and Chris Milliron

(collectively, the School District).  Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.  Background

Garman's daughter, Apryl Garman, was injured while participating in a physical education class at her middle school on November 1, 2004.  On October 4, 2006, Garman served the School District with a notice of claim under § 1-39-113 of the Wyoming Governmental Claims Act (WGCA), Wyo. Stat. Ann. §§ 1-39-101 through 1-39-121, in which she contended that Apryl's injuries resulted from the School District's negligence.  As next friend and guardian of Apryl, Garman filed a complaint in district court against the School District on October 4, 2007 (*Garman I*).  The district court dismissed Garman's action for lack of subject matter jurisdiction on November 12, 2008, based on her failure to allege compliance with certain Wyoming constitutional and statutory requirements for bringing a WGCA claim.  Garman appealed the district court's judgment of dismissal.

On November 2, 2009, while her appeal in *Garman I* was pending, Garman filed the complaint in this action (*Garman II*), reciting essentially the same allegations as her complaint in *Garman I*.  The parties agreed to stay this action pending a ruling from this court on Garman's appeal in *Garman I*.  We affirmed the dismissal of Garman's complaint in *Garman I* on December 23, 2010.  *See Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977 (10th Cir. 2010), *cert. denied*, 132 S. Ct. 95 (2011).

The School District moved to dismiss Garman's complaint in *Garman II* on January 21, 2011.  Among other contentions, the School District asserted that the district court did not have jurisdiction because the complaint was not filed within one year of Garman's notice of claim to the School District, as required by Wyo. Stat. Ann. § 1-39-114.  Garman opposed the motion, contending that her complaint was timely under the Wyoming savings statute, Wyo. Stat. Ann. § 1-3-118.  While the School District's motion was pending, the Wyoming Supreme Court overruled its prior cases in which it had held that a court lacked jurisdiction over a WGCA claim if the complaint failed to plead compliance with the statutory and constitutional requirements.  *See Brown v. City of Casper*, 248 P.3d 1136, 1139 (Wyo. 2011).[1]

The district court granted the School District's motion to dismiss in *Garman II*.  Applying the Wyoming Supreme Court's decision in *Hall v. Park County*, 238 P.3d 580, 585 (Wyo. 2010), it held that the savings statute does not apply to WGCA claims.  The court further concluded that the ruling in *Hall* applied retroactively to Garman's complaint, which she had filed ten months before *Hall* was decided.  The court also rejected Garman's contention that the

---

[1]     The *Brown* decision did not entirely overturn the precedent supporting dismissal of Garman's complaint in *Garman I*.  Although the pleading defects identified in *Garman I* would be curable by an amendment of the complaint under *Brown*, Garman was precluded from doing so in *Garman I* because she failed to seek leave to amend.  *See Garman*, 630 F.3d at 986 & n.8.

-3-

Wyoming Supreme Court's later holding in *Brown* undercut the reasoning in *Hall.* The district court therefore dismissed Garman's complaint in *Garman II* with prejudice, and she filed a timely appeal.[2]

## II. Standard of Review

We review de novo the dismissal of a complaint for lack of subject matter jurisdiction. *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008). Garman invoked the district court's diversity jurisdiction under 28 U.S.C. § 1332(a), and the events at issue occurred in Wyoming. Wyoming law therefore applies to Garman's claim. *See Mtn. W. Mines, Inc. v. Cleveland-Cliffs Iron Co.*, 470 F.3d 947, 950-51 (10th Cir. 2006). Our review of the district court's interpretation of Wyoming law is also de novo. *See Beardsley v. Farmland Co-Op, Inc.*, 530 F.3d 1309, 1313 (10th Cir. 2008). "[W]e must apply the most recent statement of state law by the state's highest court." *Wood v. Eli Lilly & Co.*, 38 F.3d 510, (10th Cir. 1994).[3]

---

[2]    The order dismissing Garman's complaint was entered on May 12, 2011, and she filed her notice of appeal on June 10, 2011. Although the district court did not enter judgment in a separate document, and the judgment therefore did not become final until 150 days after entry of the dismissal order, *see* Fed. R. Civ. P. 58(c)(2)(B), Garman's notice of appeal was nonetheless valid, *see Constien v. United States*, 628 F.3d 1207, 1211 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 2884 (2011).

[3]    The School District asserts that, where the Wyoming Supreme Court has not ruled on a question, this court must defer to the district court's interpretation of Wyoming law unless it is clearly erroneous. The United States Supreme court rejected that deferential standard of review over twenty years ago in *Salve Regina*

(continued...)

## III. Discussion

## A. Section 1-39-114

The WGCA defines the limitations period for bringing a claim against a governmental entity as follows, in relevant part:

> Except as otherwise provided, actions against a governmental entity or a public employee acting within the scope of his duties for torts occurring after June 30, 1979 which are subject to this act *shall be forever barred* unless commenced within one (1) year after the date the claim is filed pursuant to W.S. 1-39-113.

Wyo. Stat. Ann. § 1-39-114 (emphasis added). Garman filed her notice of claim on October 4, 2006. She filed her complaint in *Garman II* on November 2, 2009, more than one year after filing her claim. Therefore, under § 1-39-114 her action was untimely and "forever barred." She contended, however, that because her complaint in *Garman I* was timely filed, and it was dismissed other than on the merits, her complaint in *Garman II* was also timely filed under the Wyoming "savings statute," which provides, again in relevant part:

> If in an action commenced in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits and the time limited for the commencement of the action has expired at the date of the reversal or failure, the plaintiff, or his representatives if he dies and if the cause of action survives, may commence a new action within one (1) year after the date of the failure or reversal.

Wyo. Stat. Ann. § 1-3-118.

---

[3](...continued)
*College v. Russell*, 499 U.S. 225, 1221-22 (1991).

But after Garman filed her complaint in *Garman II*, the Wyoming Supreme

Court decided in *Hall* that the savings statute does not apply to claims under the

WGCA. *See* 238 P.3d at 585. In *Hall*, the court began its analysis with the

uncontroverted proposition that, "under the WGCA, immunity is the rule, and

liability the exception." *Id.* at 583. The court noted that "other courts have held

that, absent specific statutory provision to the contrary, the doctrine of immunity

precludes application of the savings statute in cases involving governmental

claims." *Id.* at 584. The court then concluded:

> The language of Wyo. Stat. Ann. § 1–39–114 could not be
> more clear: actions against governmental entities are "forever
> barred" unless commenced within one year after presentment of the
> claim. . . . Under the specific language of the statute, and in the
> particular circumstance of sovereign immunity being the WGCA's
> "default position," the [appellant's] second suit was time barred. The
> "closed ended" WGCA does not provide for liability beyond its
> specific provisions, and there is no provision within the WGCA for
> application of the savings statute, which is not part of the Act, to
> causes of action thereunder. The provisions of the more specific
> WGCA take precedence over the provisions of the more general
> savings statute.

*Id.* The court added that

> [h]ad the legislature intended that the period for filing an action
> under Wyo. Stat. Ann. § 1–39–114 be tolled in the circumstances
> covered by the savings statute, it would have said so in the statute, as
> it did for actions involving children seven years of age or younger,
> and actions involving untimely responses by governmental entities to
> presented claims.

*Id.*[4]

## B.  Retroactive Application of *Hall*

Garman argues that the holding in *Hall* should not be applied retroactively

to her action, which she filed before the decision in *Hall*.  The School District

argues that this is a "non-issue" because Garman's case was pending at the time

*Hall* was decided, and it is therefore subject to the holding in that case.  The

School District cites no case to support this proposition.  If the retroactivity

question in this case involved a decision of the United States Supreme Court on a

rule of federal law, the School District would undoubtedly be correct.  That court

has said:

> When this Court applies a rule of federal law to the parties before it,
> that rule is the controlling interpretation of federal law and must be
> given full retroactive effect in all cases still open on direct review

---

[4]    Regarding these exceptions to the one-year limitations period included in
§ 1-39-114, that section provides:

> In the case of a minor seven (7) years of age or younger, actions
> against a governmental entity or public employee acting within the
> scope of his duties for torts occurring after June 30, 1979 which are
> subject to this act are forever barred unless commenced within two
> (2) years after occurrence or until his eighth birthday, whichever
> period is greater.  In no case shall the statute of limitations provided
> in this section be longer than any other applicable statute of
> limitations. In the absence of applicable insurance coverage, if the
> claim was properly filed, the statute shall be tolled forty-five (45)
> days after a decision by the entity, if the decision was not made and
> mailed to the claimant within the statutory time limitation otherwise
> provided herein.

and as to all events, regardless of whether such events predate or postdate our announcement of the rule.

*Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993). But the Wyoming Supreme Court has not applied this blanket rule to its decisions on state-law issues. *See Farbotnik v. Wyoming*, 850 P.2d 594, 601-02 (Wyo. 1993) (refusing to apply new rule announced by Wyoming Supreme Court in case still open on direct review at the time of the decision).

The Wyoming Supreme Court has "acknowledged [its] authority to determine the manner in which decisions will be given retroactive application." *Id.* at 602. Nonetheless, it remains the general rule in Wyoming

> that the ruling of a court is deemed to state the true nature of the law both retrospectively and prospectively. In civil cases, at least, constitutional law neither requires nor prohibits retroactive operation of an overruling decision, but in the vast majority of cases a decision is effective both prospectively and retrospectively, even an overruling decision. Whether the general rule should be departed from ***depends on whether a substantial injustice would otherwise occur***.

*Goshen Irrigation Dist. v. Wyo. State Bd. of Control*, 926 P.2d 943, 949 (Wyo. 1996) (quotation omitted); *see also Bd. of Cnty. Comm'rs v. Laramie Cnty. Sch. Dist. No. 1*, 884 P.2d 946, 957 (Wyo. 1994) ("We must consider equitable and other principles with regard to whether our decision will be prospective or otherwise."). The Wyoming Supreme Court has not opined on whether its decision in *Hall* is, or should be, limited to prospective application. Our task,

then, is to determine whether that court would apply its decision in *Hall* to Garman's WGCA claim.

The Wyoming Supreme Court has, on occasion, stated explicitly that a decision will be applied prospectively. *See, e.g., Clarke v. Beckwith*, 858 P.2d 293, 296 (Wyo. 1993). Certain language in a decision can also be indicative of an intent to apply a decision only prospectively. *See Adkins v. Sky Blue, Inc.*, 701 P.2d 549, 553-54 (Wyo. 1985) (noting terms such as "hereafter," "thereafter," "shall be," and "henceforth" used in a decision "speak to prospective operation"); *see also Harvey v. Gen. Mtrs. Corp.*, 739 P.2d 763, 765 (Wyo. 1987) (finding that if court had intended only prospective application it would have stated its intent in clear terms).

The decision in *Hall* contains no language indicating that the court intended it to be applied only prospectively. But that does not end the analysis. The Wyoming Supreme Court considers the following three factors in determining the retroactivity question: (1) "the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed"; (2) the court must "weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation"; and (3) the court will "weigh[] the inequity imposed by retroactive

application, for where a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." *Wyo. State Tax Comm'n v. BHP Petroleum Co.*, 856 P.2d 428, 438 (Wyo. 1993) (quotations and brackets omitted).[5]

Regarding the first element of the retroactivity analysis, Garman argues that *Hall* decided an issue of first impression that was not clearly foreshadowed. She points to *Haney v. Cribbs*, 148 P.3d 1118 (Wyo. 2006), as the Wyoming Supreme Court's most recent interpretation of the savings statute. In *Haney* the court ruled that the savings statute was applicable, but *Haney* is inapposite because it did not involve a claim under the WGCA against a governmental entity. *See id.* at 1119-20, 1125. Garman next argues that the holding in *Hall* was not clearly foreshadowed, based upon other courts' conflicting decisions on the same issue and the Wyoming Supreme Court's statement in *Hall* that the dissent's interpretation of the statute was plausible. We disagree. The court in

---

[5] This test is derived from *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106-07 (1971), a case which the United States Supreme Court overruled in *Harper* with respect to the Court's federal-law decisions that it has applied to the parties before the Court, *see* 509 U.S. at 97-98 ("[T]he legal imperative to apply a rule of federal law retroactively after the case announcing the rule has already done so must prevail over any claim based on a *Chevron Oil* analysis." (quotations and brackets omitted)). But as explained above, the Wyoming Supreme Court continues to consider equitable principles in determining whether a decision on state law will be applied only prospectively.

*Hall* acknowledged that courts in other states had reached a contrary conclusion, but distinguished those cases from the law in Wyoming because their reasoning was applicable "[w]here sovereign immunity is not the rule, or where a statute allows application of the savings statute to governmental claims." 238 P.3d at 584. And while the court did not dismiss the dissent's interpretation as implausible, it explained why the majority's construction of § 1-39-114 followed from prior precedent:

> This Court has for years construed the WGCA as "closed-ended," with governmental liability specifically delimited by the mandates of the Act. One of those mandates is the "forever barred" language of Wyo. Stat. Ann. § 1–39–114. In the instant case, the majority opinion conforms to that precedent by concluding that, had the legislature intended for the savings statute to apply to WGCA actions, it would have added that exception to those set forth in Wyo. Stat. Ann. § 1–39–114.

*Id*. at 585 n.4.

The second step of the retroactivity analysis requires an examination of the purposes of the rule established in *Hall* and whether they would be furthered by retroactive application. *See BHP Petroleum Co.*, 856 P.2d at 438; *Hanesworth v. Johnke*, 783 P.2d 173, 177 (Wyo. 1989). Garman misconstrues the focus of this analysis when she asserts that the question is instead the purpose of the savings statute, its prior history, and whether retroactive operation of *Hall* will retard its operation. The intent of the rule announced in *Hall*—that the savings statute does not apply to WGCA claims—was to preserve the limited extent to which

-11-

sovereign immunity had been abrogated in Wyoming, as strictly outlined by the legislature in the WGCA. *See* 238 P.3d at 584-85. That purpose is furthered by application of the rule to Garman's claim in *Garman II*, which was "forever barred" under § 1-39-114 when she failed to file her complaint within one year of her notice of claim.

Regarding the third factor, Garman argues that, because she relied on the savings statute in filing her complaint in *Garman II*, it would be inequitable to apply the subsequent ruling in *Hall* to bar her claim. She maintains that, due to a jurisdictional pleading requirement that resulted in dismissal of her complaint in *Garman I*—a requirement that has since been overruled by the Wyoming Supreme Court—she would be denied all relief.

We are not persuaded that application of *Hall* in this case will result in substantial injustice. The Wyoming Supreme Court has, for example, found that the equities balanced in favor of prospective application of a decision in circumstances where retroactive application would result in accounting and auditing problems, and a multitude of claims and litigation, *see Laramie Cnty. Sch. Dist. No. 1*, 884 P.2d at 960; where retroactive application would disturb established property rights that "were defined according to law unexpectedly declared invalid," *Hanesworth*, 783 P.2d at 177; and where a decision creating a new cause of action would subject a party to liability who would not have been liable under the previously existing law, *see Adkins*, 701 P.2d at 553; *see also*

-12-

*Clarke*, 858 P.2d at 296 (stating that new rule redefining landowner liability would be applied prospectively except as to the parties in the current action).

None of these or any similar consequences would occur as a result of retroactive application of *Hall* to Garman's claim. The Wyoming Supreme Court did not withhold application of its decision in *Hall* to the appellant's claim in that case, which involved a procedural history similar to Garman's claim. *See* 238 P.3d at 585 (affirming dismissal of complaint as time barred). Moreover, any hardship to Garman is outweighed by the purpose of the ruling in *Hall*: to preserve the rule of sovereign immunity except as strictly defined in the WGCA. *See BHP Petroleum Co.*, 856 P.2d at 439 (rejecting appellants' plea for prospective application of a decision, where hardship to appellants was outweighed by benefit of the rule established in that decision, which provided for equal and uniform taxation).

### C. Application of *Hall* after *Brown*

Garman's final contention is that the Wyoming Supreme Court's later decision in *Brown v. City of Casper* calls into question that court's reasoning in *Hall*. In *Brown*, the court overruled its prior decisions holding that a trial court lacks subject matter jurisdiction over a WGCA claim if the complaint fails to allege compliance with applicable statutory and constitutional requirements. *See* 248 P.3d at 1139. Under the holding in *Brown*, a complaint against a governmental entity must still allege compliance with statutory and constitutional

requirements, but a failure to do so is no longer a jurisdictional defect and can be cured by amendment, so long as a notice of claim was properly presented. *See id.*

Garman maintains that *Brown* "undercuts the basic jurisdictional premise" relied upon in *Hall* "when it held that '[t]he appellant's second complaint was not filed within the specified period of limitations set forth in Wyo. Stat. Ann. § 1-39-114, and therefore, the district court never obtained jurisdiction over the action.'" Aplt. Br. at 12-13 (quoting *Hall*, 238 P.3d at 585). She claims that "[i]t is therefore highly unlikely that the Wyoming Supreme Court would have decided *Hall* in the same way if *Brown* had preceded it." *Id.* at 13. Garman does not further develop this argument.

> We disagree with Garman's contention. The court held in *Brown*:
>
> [A] litigant's failure to *allege* compliance with the constitutional and statutory requirements does not and cannot affect a court's subject matter jurisdiction to act. Pursuant to the constitution and the statute, the district courts have jurisdiction to hear and decide actions brought against governmental entities, whether or not compliance is alleged, *if a notice of claim complying with the constitutional and statutory requirements has been presented*. District courts also have jurisdiction to allow the amendment of a complaint to allege presentation of a notice of claim complying with the statute and constitution when such a notice was in fact timely presented.

248 P.3d at 1146-47 (citation omitted and second emphasis added). Thus, *Brown* made clear that a complaint's failure to satisfy the special, judicially created pleading requirements does not deprive a court of jurisdiction to hear a WGCA claim. But the decision also reaffirmed that Wyo. Stat. Ann. § 1-39-113, which

-14-

defines the manner for filing a notice of claim under the WGCA and sets a two-year deadline for doing so, is a jurisdictional non-claim statute. *See* 248 P.3d at 1146 (citing *Bell v. Schell*, 101 P.3d 465 (Wyo. 2004), which held that "the timely presentment of a notice of claim is a condition precedent to suit, is jurisdictional, and cannot be waived," *id.* at 475).

In its conclusion in *Hall* that the savings statute was not intended to extend the time period for filing a claim under the WGCA, the court focused on the legislature's clear statement in § 1-39-114 that a claim not filed within one year of the notice of claim is "forever barred." *Hall*, 238 P.3d at 584 (quotation omitted). The court determined that, "[u]nder the specific language of the statute, and in the particular circumstances of sovereign immunity being the WGCA's 'default position,' the [appellant's] second suit was time barred." *Id.* The court then stated its holding in jurisdictional terms:

> [W]e have noted many times that sovereign immunity was abrogated by the Wyoming legislature only as strictly outlined in the WGCA. The courts of Wyoming do not have jurisdiction over governmental claims that do not meet the conditions of the Act. The appellant's second complaint was not filed within the specified period of limitations set forth in Wyo. Stat. Ann. § 1-39-114, and therefore, the district court never obtained jurisdiction over the action.

*Id.* at 584-85 (footnote omitted). In so holding, the court appears to have implicitly decided the question left open in *Bell v. Schell*—whether § 1-39-114 is a special substantive statute of limitations, *see* 101 P.3d at 474 n.9—by according that section a "jurisdictional effect," *id.* at 472 (quotation omitted). We see no

-15-

conflict between the holdings in *Brown* and *Hall*.  As the district court aptly stated,

> [T]he two cases are consistent.  Under *Brown*, the WGCA's grant of jurisdiction cannot be undone by a judicially-created pleading rule.  Under *Hall*, the WGCA's limit on jurisdiction cannot be undone by application of the savings statute.  Together they stand for the unremarkable proposition that the plain language of the WGCA strictly defines the State of Wyoming's limited abrogation of sovereign immunity.

Aplt. App. at 179.

## IV.  Conclusion

The judgment of the district court is AFFIRMED.  Garman's Motion for Certification of Questions of State Law is DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge